MARY A. SCHMISSEUR

v.

JOSEPH PENN.

*Mortgages—Foreclosure—Covenant in Deed as to Incumbrances— Easement—Dedication—Sec. 10, Chap. 30, R. S.—Damages—Set-off.*

1. The maintaining of gates at the entrance of a way excludes the presumption of the dedication thereof to the public.

2.  In an action brought to foreclose a mortgage given to secure a note given as part consideration for the purchase of the lands in the mortgage described, the defendant contending—the deed conveying said lands being in the statutory form, and to be deemed as a covenant against incumbrances—that there was an incumbrance upon the property in the nature of a private way, this court holds, in view of the evidence, the existence of such way being shown, that the same is not included in the term highway as used in Sec. 10 of the Conveyance Act, and that said incumbrance constituted a breach of the implied covenant in the deed in question.

3.  Such defense may be set up in answer to a bill to foreclose a mortgage given to secure the purchase price.

4.  Where, in such case, the evidence shows the defendant to have been damaged by reason of the existence of such right of way, the extent thereof should be set off against the amount of the notes sued on.

[Opinion filed March 3, 1893.]

APPEAL from the Circuit Court of St. Clair County; the Hon. A. S. WILDERMAN, Judge, presiding.

Mr. CHARLES P. KNISPEL, for appellant.

Sec. 9, Chap. 30, Starr & C. Ill. Stats., 574, provides that every deed, substantially in the prescribed form, shall be deemed and held a conveyance in fee simple—with covenant against incumbrances—and that such covenant shall be obligatory upon grantor and with the like effect as if written at length in said deed.

The existence of an easement or servitude, of which the land is subject, is a breach of the covenant against incumbrances—right of way, etc. It is no defense that the grantee knew of the existence of the right of way. Beach v. Miller, 51 Ill. 206; Wadhams v. Swan, 109 Ill. 46; 2 Wait's Act. & Def. 378, 379; 2 Greenleaf Ev., Sec. 242; New Orleans v. Whitney, 138 United States, 595; Huyck v. Andrews, 10 Am. St. R. 432; 113 N. Y. 81.

By Sec. 10 of the Conveyance Act it is now provided: That no covenant of warranty shall be considered as broken by the existence of a "highway" upon the land conveyed, unless otherwise particularly specified in the deed.

What is meant by "highway"? Under the term "highway" is understood a "public highway" only.  1 Bouv.

Law Dict. 586; 9 Am. & Eng. Enc. of Law, 362; 6 Wait's Act. & Def. 296–300.

Difference between highway and private way discussed in Huyck v. Andrews, 10 Am. St. R. 432; S. 113 N. Y. 81. The statute defines highway as any road laid out by authority of the United States or of this State or of any county or town of this State.

A highway can be created by grant, dedication or user. There can be no pretense of a grant in this case. To constitute a public highway by dedication, there must not only be a setting apart and a surrender to the public use of the land by the owner, but also an acceptance and formal opening by the proper authorities; and the intention to dedicate to the public must clearly appear. Princeton v. Templeton, 71 Ill. 68; 6 Wait's Act. & Def. 304 (and authorities *infra*).

There can be no pretense of a dedication under the law and the evidence in this case. Nor can it be said that there was such a user of the road as to make it a public highway. To constitute a public highway by user it must have been used and traveled by the public as a highway uninterruptedly for twenty years, and either kept in repair or taken in charge by public authorities. 6 Wait's Act. & Def. 318; Nealy v. Brown, 1 Gilm. 12; C. & A. v. Adler, 56 Ill. 344; Ill. C. R. R. v. Benton, 69 Ill. 174; Lewis v. N. Y. etc., 123 N. Y. S. R. 373—26 N. E. 357; Gentleman v. Soule, 32 Ill. 271; Proctor v. Lewiston, 25 Ill. 153; Grube v. Nichols, 36 Ill. 92; Toof v. Decatur, 19 Ill. App. 204; Martin v. People, 23 Ill. 395.

Gate or post negatives the idea of a highway. Washburn Easement, 186, 187; Luecken v. Wuest, 31 Ill. App. 506; State v. Green, 41 Iowa, 693.

And where a way is opened as a private way, and intended as such, and this can be shown, no length of use by others will make it a public way. Washburn, Easements, 190, 212; 6 Wait's Act. and Def. 296, 300; Hemingway v. Chicago, 60 Ill. 324; Ill. Ins. Co. v. Littlefield, 67 Ill. 368.

Mr. EDWARD L. THOMAS, for appellee.

The questions raised by this record are settled by the statute and the decree of the Circuit Court in Needles v. Schmisseur, September term, 1887.

It seems to be a principle too well settled to require the citation of authorities that the appellant, being a party to the decree in Needles v. Schmisseur, is bound in this cause by the findings of that decree, and as it relates to the same subject-matter as that set up as a defense in this case, it would seem to be as to that defense conclusive on appellant, and beyond her power, either to set aside or modify.   The language of that decree, after saying that for a portion of the time from 1840 to 1851 the road in question had been used by the public generally as a public road, is as follows: " That said road has been openly, notoriously, continuously and uninterruptedly used by said Clarissa Needles, her ancestors and grantors, for more than thirty years last past." It was open and driven upon by appellant when she bargained for the farm.

Our statute defines a highway as follows:  " That all roads in this State which have been laid out in pursuance of any law of this State or of the Territory of Illinois, or which have been established by dedication or used by the public as a highway for twenty years, and which have not been vacated in pursuance of law, are hereby declared to be public highways."   Chap. 121, Sec. 1, 2 Starr & C. Ill. Stats.

The decree finds that its use was open, notorious, continuous and uninterrupted for more than thirty years prior to April 1, 1887.   This makes the road a public highway. Kyle v. Town of Logan, 87 Ill. 64; Fox v. Virgin, 5 Ill. App. 515.   There is no pretense that any condemnation was had or any grant made by any one to any person of a private right of way.   The user of this road, by everybody, and its uninterrupted user as found in the decree, makes it a public highway.   There could have been no private easement of a right of way in this case because a private easement since 1870 can not be acquired in this State except by grant.   No private right of way can be had at all since 1870; every way shall be public.

The constitution provides: "The General Assembly may provide for establishing and opening roads and cartways connecting with a public road, for private and public use. Con. of 1870, Article 4, Sec. 30. Prior to the constitution of 1870, no private cartway could be had except by grant (see Nesbitt v. Trumbo, 39 Ill. 110), and as will be seen, all now opened, if opened by condemnation, must be for public as well as for private use; in other words, they become public highways as defined by statute.

The statute, Sec. 54, Chap. 121, clearly makes all such roads public ways, and, taken with the decisions of the Supreme Court (Nesbitt v. Trumbo, *supra*) and the constitution of 1870, conclusively shows that no private way could, in the nature of things, have existed in the case at bar. It has been decreed in effect to be a road by open, notorious, continuous and uninterrupted user for more than thirty years, a user that necessarily makes it a public highway within the definition of the statute. A private way is not had by dedication. A private way can not, nor could not since 1848, have been had by condemnation. A private way can not be had by user over uninclosed lands (see Kyle v. Town of Logan, *supra*, and Fox v. Virgin, *supra*), and if inclosed and way left by owner, it is a dedication to the public, not to the owner, of lands to which it leads. The conclusion is inevitable that this is a public highway, such as is taken out of the covenants of warranty. M. & O. R. R. Co. v. Davis, 130 Ill. 150.

This statute, 1 Starr & C. Ill. Stats., page 574, Sec. 10, Chap. 30, is to be given a liberal construction and will include a railroad right of way; in other words, any open, notorious user of a way makes it within this statute and takes it without the covenants of warranty. In other words, there can be no recovery since this statute upon covenants of warranty when the breach alleged is the existence of a way which is open and notorious, and more particularly is the appellant estopped from claiming damages in the face of a decree by which she is bound, which recites an open, notorious, continuous and uninterrupted user by a number

of persons for more than thirty years before appellant purchased, and which was so being used when she purchased.

Mr. JUSTICE PHILLIPS.   Appellee filed a bill to foreclose a mortgage made by appellant to secure a note given as part consideration for the purchase of the lands in the mortgage described.   The entire amount secured was paid, except about $500, with interest thereon.   The lands described in the mortgage were purchased by appellant from appellee, and the deed conveying the same was of the statutory form and to be deemed as a covenant against incumbrances, and was made on the 14th of February, 1885.   At the September term, 1887, a decree was entered in a certain cause in which one Needles filed a bill against the appellant and others enjoining her from obstructing a certain way described, and further finding that the road had been openly, notoriously, continuously and uninterruptedly used by the said Needles, her ancestors and grantors, for more than thirty years, and enjoining the defendants from interfering with the use and enjoyment of said road by said Needles.   To the bill for foreclosure the defendant set up as a defense that the land for which the note secured by the mortgage was executed was part consideration for the purchase of the lands by her from the complainant, and that the complainant covenanted against any incumbrance on said lands, and that there existed thereon at the time of such covenant an easement in one Needles, who at that time had of right a private way across the lands so conveyed, and that the same was a breach of complainant's covenant, by reason of which she sustained damage.   The evidence shows that this way had been obstructed by gates and posts for a long period of time, but had been used by Needles and her grantors and by others, and the weight of proof shows it was a private way appurtenant to the lands owned by Mrs. Needles and not a public highway.   The evidence also shows that such easement is inconvenient and damaging to the defendant.

A decree for foreclosure was entered and the court made no finding as to whether the road was a public high-

way or a private way, and decreed the foreclosure of the mortgage, and finding the amount due to be $629.30. The evidence shows that the way was originally opened as a private way and intended as such, and for many years gates were maintained, until the stock law was adopted in that county, and the fact of maintaining gates would exclude the presumption of a dedication to the public. The Ill. Ins. Co. v. Littlefield, 67 Ill. 368; Hemingway v. The City of Chicago, 60 Ill. 324; Luecken v. Wuest, 31 Ill. App. 506. Neither does it appear that it had been used uninterruptedly for a requisite length of time by the public as against the assertion of the owner of his right to fence the same and actually placing gates therein; nor was it either kept in repair or taken charge of by proper officers. That it was not a public highway by prescription, see Toof v. City of Decatur, 19 Ill. App. 204; Grube v. Nichols. 36 Ill. 92. And there is no claim that it was laid out as a public highway in pursuance of the statute. The evidence, however, clearly establishes the existence of an easement in Mrs. Needles as appurtenant to her farm to pass over the land of the defendant as a right of way, and that easement in her is an incumbrance. Harlan v. Thomas, 15 Pick. 66; Beach v. Miller, 51 Ill. 206; Sec. 10, Chap. 30, R. S. Ill., provides that "no covenant of warranty shall be considered as broken by the existence of a highway upon the land conveyed unless otherwise particularly specified in the deed." That act was adopted and went into effect July 1, 1874.

At that time the right of eminent domain by condemnation for a cartway or a private way did not exist in any individual under the constitution as it then stood, and such right could not be asserted until the amendment to the constitution, November 5, 1878. The term highway, as used in Sec. 10 of the Conveyance Act, we hold had application at that time to public highways only. Public ways are commonly termed highways; a private way is either an easement or a customary right. Before the adoption of Sec. 10 of the Conveyance Act, knowledge of the existence of a public or private way on the part of the grantee was .no

defense in a suit on the covenants of the deed. Beach v. Miller, *supra;* Wadham v. Swan, 109 Ill. 36. In Beach's case it was said: "In the case of Prescott v. Trueman, 4 Mass. 627, Chief Justice Parsons, in delivering the opinion of the court says: 'Thus the right to an easement of any kind in the land is an incumbrance. So is a mortgage. So, also, is a claim of dower, which may partly defeat the plaintiff's title by taking a freehold in one-third of it.' And to the same effect are, the cases of Mitchell v. Warner, 5 Conn. 497, and Harlow v. Thomas, 18 Pick. 68, where it is held that a private way over the land is an incumbrance. A right to go upon the land to clear an artificial watercourse has been so held in Prescott v. Williams, 5 Met. 433, and a right to cut timber on land was held to be an incumbrance. Catchcart v. Bowman, 5 Barr. 319."

That the easement in Needles was an incumbrance and her right of way appurtenant is not included in the term highway, as used in Sec. 10 of the Conveyance Act, and that incumbrance existing at the time of the delivery of the deed to the defendant by the complainant the implied covenant existing in that deed by reason of the statute was broken on the delivery of the deed, see Wadhams v. Swan, *supra;* Christy v. Ogle's Executors, 33 Ill. 295. And that defense may be set up in answer to a bill to foreclose a mortgage given to secure the purchase price, see Patterson v. Sweet, Adm'r, 3 Ill. App. 550; Coffman v. Scoville, 86 Ill. 300; Tenney v. Hemenway, 53 Ill. 97. The evidence showing the defendant was damaged by reason of the existence of the right of way, the extent of the damage should have been set off against the amount of the notes, and that not being done the decree must be reversed and the cause remanded.

*Reversed and remanded.*