Charles Houck et al., Appellees, v. Benjamin D. Herrick, Appellant.

Gen. No. 5,976.

1. EQUITY, § 493*—*necessity of cross-bill for relief between codefendants.* Equities arising between codefendants can only be adjusted on cross-bill filed by the party seeking such aid of the court.

2. WILLS, § 486*—*right to adjustment of equities between defendants on bill to enforce payment of legacies.* On bill to enforce the payment of legacies which were made a charge upon real estate, a defendant who had purchased a one-half interest in the real estate from his codefendant without taking into account the charge upon the property cannot complain of a decree in favor of complainants on the ground that the court did not provide some effectual means of collecting the legacies from his codefendant and exonerate his interest in the land, where he did not file a cross-bill to have the equities between himself and his codefendant adjusted.

Appeal from the Circuit Court of Woodford county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed July 31, 1914.

A. F. GOODYEAR, for appellant.

JOHN F. BOSWORTH, VANE C. BOSWORTH and H. E. TORRANCE, for appellees.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

This case has been once before in this court, and our opinion may be found in 179 Ill. App. 274. We will not repeat what may be there read.

After the cause was reinstated in the trial court, Benjamin D. Herrick, appellant, filed his answer therein, stating that he purchased the land of Lizzie Grove Ryan, paying full market value therefor without taking into account any charge for the payment of said legacies, that she was and is solvent, and introduced some evidence in support thereof. Lizzie Grove Ryan also filed an answer, but set up no facts affecting the questions here presented. The chancellor entered a decree in which he found that Lizzie Grove Ryan is personally liable to pay the legacies; that she is solvent; that complainants (the legatees) are entitled, in case said premises do not sell for sufficient money to satisfy said legacies, interest and costs of this proceeding, to a personal judgment against her for the residue of said legacies; that the undivided half interest in said premises was conveyed by Lizzie Grove Ryan to Benjamin D. Herrick, who paid the full value of said half interest; and ordered that Lizzie Grove Ryan pay within twenty days said legacies and interest thereon, together with costs of this suit; and that in default of such payment the premises (the half interest) be sold, etc.

Appellant assigns as error: That the court did not settle the rights of all the parties and relieve appellant from bringing another action for reimbursement, and did not provide some effectual means of collecting the legacies from Lizzie Grove Ryan and exonerating the lands of appellant.

The answer is that equities arising between codefendants can only be adjusted on cross-bill filed by the party seeking such aid of the court. This has been repeatedly held from the case of *Ballance v. Underhill,*

4 Ill. (3 Scam.) 453, to *Thomas v. Thomas*, 250 Ill. 354, and it is not a mere technical rule of pleading. If one defendant seeks relief as against another defendant because of facts and conditions alleged to exist, that other defendant must have an opportunity to answer and be heard in the matter, which is not afforded by setting up in an answer grounds for such relief. Appellant filed no cross-bill and therefore cannot complain that equities between himself and Lizzie Grove Ryan were left unadjusted. We express no opinion that the facts disclosed by his answer, if properly pleaded, would entitle him to relief. It was not the duty of the chancellor to consider or determine that question, and he did not err in not doing so.

In other respects the decree is in accordance with the directions of this court in its former opinion, and while counsel for appellees have furnished us with citations of many authorities supporting the conclusions there announced, we will not discuss or review them. The principles there announced were the law of this case for the purpose of the further hearing below, and we see no reason for modifying what we said in our former opinion.

The decree is affirmed.

*Affirmed.*