Chicago Title & Trust Company, Appellee, v. Theodore R. Herlin et al., Appellants. J. L. Pyle et al., Appellees.

Gen No. 40,392.

Opinion filed March 28, 1939.

TAGE JORANSON, of Chicago, for appellants.

SCHNACKENBERG, HANSEN & TOWLE, of Chicago, for certain appellee.

MR. JUSTICE JOHN J. SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse a decree of foreclosure entered July 14, 1938, upon the report of a master in chancery.

The complaint to foreclose, filed March 25, 1938, by the Chicago Title & Trust Company, as trustee, alleged an original indebtedness of $39,000 with interest, evidenced by bonds and interest coupons attached thereto; the conveyance of the real estate devolved to plaintiff by the original mortgagors, August T. Herlin and Sophie K. Herlin, his wife, to secure the payment of said indebtedness and interest; an extension agreement entered into December 15, 1933, by Theo-

dore R. Herlin, the then owner of record of the property, and Edna M. Herlin, his wife, to pay $35,000, the reduced amount of the indebtedness, with interest, December 15, 1936; default in the payment of the principal of the bonds, amounting to $35,000, and interest and taxes; and the insufficiency of the security, which consists of the aforesaid real estate improved with an 8-apartment building, the apartments in which are occupied by Theodore R. Herlin and others holding as tenants under him. The complaint named as defendants Theodore R. Herlin, the record owner of the property, his wife, Edna M. Herlin, Sophie K. Herlin, one of the original mortgagors, J. L. Pyle, Rose L. Pyle, his wife, Charles Ringer, Charles Ringer Company, hereinafter for convenience referred to as the Ringer Company, and ''Unknown Owners.'' The tenants in possession were not named as defendants. The complaint concluded with the usual prayer for relief, including a request for the appointment of a receiver and that plaintiff might have a deficiency decree for any balance due after sale.

Theodore R. Herlin, Edna M. Herlin and Sophie K. Herlin appeared, but all other defendants were defaulted and the complaint ordered taken as confessed as against them.

On June 18, 1938, all three Herlins filed an answer, which consisted of a general denial of the allegations of plaintiff's complaint and that plaintiff was entitled to the relief prayed for in the complaint.

Thereafter, on July 5, 1938, Theodore R. Herlin and Edna M. Herlin filed an amended answer, the pertinent portions of which are:

''That they allege that since March 1, 1933, they have been and are now the owners of record in fee simple of said real estate, but that they have held and do now hold title to such property in trust as to one-half thereof for CHARLES RINGER and as to the other undivided one-half thereof as to themselves.

"That they say that in December, 1933, they agreed in writing with the holders of the bonds secured by the mortgage herein sought to be foreclosed to extend the maturity of the principal of the said bonds to December 15, 1936, and that the income from the real estate conveyed by said mortgage was to be paid to CHARLES RINGER COMPANY, as the agent for said bondholders and the owners of said property; that from and after January 31, 1937, up to the present time CHARLES RINGER COMPANY has collected the rents from said real estate, and although these defendants have often requested CHARLES RINGER COMPANY to account for said rentals to them, the said CHARLES RINGER COMPANY has failed and refused to account to them, and still continues so to do; that these defendants are informed and believe and upon such information and belief state that CHARLES RINGER COMPANY has in its possession net rentals in excess of Fifteen Hundred ($1500) Dollars from said real estate, collected during said period of time, which should be, but has not been, applied in reduction of the general taxes levied and assessed against the said real estate and of the indebtedness secured by the said mortgage."

The decree approved the master's report and as to the matters pertinent to this controversy found that by the extension agreement executed by Theodore R. Herlin and Edna M. Herlin, his wife, the principal and interest were payable at the office of Ringer Company and that the trust deed remained unchanged except as qualified by said extension agreement; that plaintiff, as trustee, for its own benefit for expenses incurred has a first lien against the real estate in question and the income thereof for $2,451.50, and that "plaintiff for the pro rata benefit of the bondholders for principal and interest has a valid lien against said real estate and income thereof for $38,817.92, with interest thereon, subject only to the aforesaid lien for $2,451.50";

that the aforesaid extension agreement provided that Ringer Company collect the rents, issues and profits from said real estate and apply same in accordance with the terms, covenants and provisions therein set forth; that a copy of the extension agreement was attached to each of the bonds received in evidence; that Theodore R. Herlin is now the record owner of said premises, having acquired same by quitclaim deed from August T. Herlin and Sophie K. Herlin, his wife, filed for record March 3, 1933; that Theodore R. Herlin testified that "said Charles Ringer Company had in its possession on or about June 23, 1938, the sum of $1,500, being the proceeds from the rents, issues and profits collected from said premises and that upon cross-examination of said witness the said Herlin testified that the Charles Ringer Company collected approximately $400 a month from the various tenants occupying the apartments in said premises, but that he did not receive any figures from Charles Ringer Company whatsoever since January 31, 1937, with respect to his statement that the said Charles Ringer Company did have in its possession $1,500 from the rents, issues and profits of such premises"; that "said trust deed is a lien upon the rents, issues and profits of said premises and that any defense with respect to the moneys in possession of Charles Ringer Company as an offset against the indebtedness upon said trust deed is a collateral attack upon the lien of said trust deed, and that no issue has been raised or joined upon in this cause upon which affirmative relief can be granted to the defendant, Theodore R. Herlin"; and that Theodore R. Herlin, Edna M. Herlin and Sophie K. Herlin are personally liable for the trust deed indebtedness.

Defendants first contend that under the provisions of the extension agreement executed between Theodore R. Herlin, the owner of the equity, and his wife, Edna

M. Herlin, and the bondholders, inasmuch as Ringer Company "was to collect the rents and apply same in accordance with the terms of the extension agreement, i. e., on principal and interest," the income from the property to the extent of $1,500 collected and held by said Ringer Company, as alleged and testified to by Theodore R. Herlin, constituted payment *pro tanto* on the trust deed indebtedness; and that the allegations of the equity owners in their amended answer as to such collection and withholding of said rents by the Ringer Company adequately presented a defense of partial payment.

In answer to this contention plaintiff states in its brief that "in this mortgage foreclosure suit, the defendants, Theodore R. Herlin and Edna M. Herlin, cannot, without filing a counterclaim, litigate their dispute with the codefendant, Charles Ringer Company, in regard to the latter's management of, or collection or accounting of rentals from, the mortgaged premises, which rentals, the Herlins' amended answer affirmatively shows, have not been paid in reduction of the mortgage indebtedness."

The first difficulty with defendants' instant contention is that the complete extension agreement has not been embodied in the record and there is nothing before us which shows that Ringer Company received the income from the premises as the agent of the bondholders as well as the agent of the Herlins, or that Ringer Company as the agent of the bondholders was obligated under the terms of the extension agreement to apply the rentals collected by it to payment of the trust deed indebtedness. It may well have been that company's duty under said agreement to apply the income in question first to the payment of taxes as alleged in defendants' amended answer. The mere fact that the bonds were payable at the office of Ringer Company did not in itself constitute that company the

agent of the bondholders. (2 C. J. 606; *Adams v. Hackensack Improvement Commission,* 44 N. J. L. 638.) In any event it is not only admitted but it is alleged in defendants' amended answer that Ringer Company did not turn the aforesaid $1,500 claimed to have been collected but not accounted for by it over to the trustee for the benefit of the bondholders, and that being so the owners of the equity are not entitled to credit for same on their indebtedness to said bondholders.

Defendants' contention that their amended answer presented a defense of partial payment is not borne out by an examination of said answer, wherein it affirmatively appears that the income alleged to have been collected by Ringer Company "had not been applied in reduction of the indebtedness secured by said trust deed." It will be noted from the averments of said amended answer that defendants, Theodore R. Herlin and Edna M. Herlin, really seek thereby to litigate their controversy with Ringer Company as to the rents alleged to have been collected by the latter, claiming a right to an accounting from said company as to same. The amended answer contains the allegation that the defendants, Theodore R. Herlin and Edna M. Herlin, "have held and do now hold title to such property in trust as to one-half thereof for Charles Ringer and as to the other undivided one-half thereof as to themselves" and the decree entered in this cause finds that "proceedings were instituted in the Superior court of Cook County, Illinois, in Case Number 36 S 13812, on September 17, A. D. 1936, entitled: 'Charles Ringer v. August T. Herlin, et al., for an accounting and other relief, by reason of the management of said property by Charles Ringer Company; that said cause is still pending and undisposed of." It thus appears that there was a pre-existing and continuing controversy between the Herlins, Charles Ringer and Ringer Company concerning the management of the property and

the latter's accounting for the rents collected and that defendants' amended answer rather than presenting a defense of partial payment of the trust deed indebtedness had to do entirely with their dispute with the Ringer Company.

It is the established rule that a defendant who desires affirmative relief against a codefendant on a matter germane to the issue presented by the complaint, is required to file a counterclaim and cannot secure such relief on an answer filed to plaintiff's complaint. Any other rule would be fraught with great danger of injustice. In the case at bar both Charles Ringer and Ringer Company, having been served with summons, permitted themselves to be defaulted as to plaintiff's complaint, which sought only the foreclosure of the trust deed and made no claim as to rents alleged to have been collected and wrongfully withheld by Ringer Company. Both Charles Ringer and Ringer Company had the right to assume that the subject matter of the proceeding in which they had been summoned as defendants would not extend beyond the scope of the complaint, and having no defense to the foreclosure they could safely ignore the suit. If the Herlins without advising Charles Ringer and Ringer Company by way of a counterclaim could have litigated on their answer the disposition of the rentals alleged to have been collected by Ringer Company, then the court without notice or warning would have had to pass upon the rights of Charles Ringer and Ringer Company in their absence. Defendants having failed to file a counterclaim asserting their claim for relief against Ringer Company are precluded from an adjudication in this cause of any claim they might have against said company for an accounting of the rents charged to have been collected and not properly applied.

In *Erlinger v. Boul,* 7 Ill. App. 40, it appeared that Erlinger and his wife executed to Boul a mortgage to

secure an indebtedness and that thereafter, at a sheriff's sale, the mortgaged property, except 12 acres thereof which was set off to Erlinger as a homestead, was sold to Ambry, who secured a sheriff's deed and later died. The mortgage was then foreclosed by Boul, who made the legatees and administratrix of Ambry, as well as the Erlingers, defendants. The bill was taken as confessed against Erlinger for want of an answer. The Ambrys, by answer, asked that in case of a sale under the mortgage the 12 acres set off as a homestead to Erlinger be sold first. It was so decreed and Erlinger sued out a writ of error. The court said at pp. 42–44: "Assuming that upon the facts alleged in the answer of the Ambrys, it was proper to make this order, we are of opinion that a cross-bill was necessary. There is no allegation in the bill upon which the decree can rest, and the facts set up by Ambry's heirs should have been made the subject of a cross-bill, so that they might have been contested by Erlinger if he had desired, and in this way a new controversy which was not between the complainants and defendants, but obviously between the defendants, could have been adjusted.

"When a decree on complainant's bill will not determine the litigation, a cross-bill is necessary. This may arise when cross-relief is required by defendants, or from the existence of litigation between the defendants. Adams' Equity, 40–23; Story's Eq. Pl. 392.

"And generally, whenever it is necessary to bring all the equities of all the parties before the court, so that complete justice may be done the defendants, or a part of them, by granting affirmative relief as well as by granting the complainant the relief sought by his bill, it is necessary to file a cross-bill.

". . .

"The relief sought here is on behalf of one defendant, at the expense of another, and is upon a state of

facts not alleged in the bill. Suppose Erlinger had learned the contents of this answer before the rendition of the final decree, and had desired to test the question of law arising thereon, or had desired to controvert the facts alleged, in what appropriate way could he have done so?

"He had not answered the original bill, having no defense thereto, and not objecting to the relief therein prayed, and his default, and a decree *pro confesso* had passed against him. The complainant may have been indifferent, and not inclined to take issue upon the answer. So that, by the practice here adopted, a decree materially affecting the rights of Erlinger was entered in a proceeding to which he was practically not a party, and upon pleadings to which he was not asked to respond, and which were determined wholly between other persons.

"It would seem that the bare statement of the case would sufficiently show the importance and necessity of a cross-bill to which Erlinger might answer or demur, making such issues of law or fact as he might deem proper for his protection."

In passing upon a similar question in *Houck v. Herrick*, 187 Ill. App. 579, the court said at pp. 580, 581:

"The answer is that equities arising between co-defendants can only be adjusted on cross-bill filed by the party seeking such aid of the court. This has been repeatedly held from the case of *Ballance v. Underhill*, 4 Ill. (3 Scam.) 453, to *Thomas v. Thomas*, 250 Ill. 354, and it is not a mere technical rule of pleading. If one defendant seeks relief as against another defendant because of facts and conditions alleged to exist, that other defendant must have an opportunity to answer and be heard in the matter, which is not afforded by setting up in an answer grounds for such relief. Appellant filed no cross-bill and therefore cannot complain that equities between himself and Lizzie Grove

Ryan were left unadjusted. We express no opinion that the facts disclosed by his answer, if properly pleaded would entitle him to relief. It was not the duty of the chancellor to consider or determine that question, and he did not err in not doing so.''

The clear purport of the amended answer filed by Theodore R. Herlin and Edna M. Herlin was that Ringer Company should have made a payment on the mortgage indebtedness from rentals alleged to have been collected by it and not required for the payment of general taxes and not that a payment had been made on said indebtedness out of such rentals. The amended answer presented no defense to the complaint to foreclose.

It is next urged that the decree is erroneous in holding the surviving mortgagor, Sophie K. Herlin, personally liable for the mortgage indebtedness, since the mortgagors had conveyed the property in question to Theodore R. Herlin prior to the execution of the extension agreement and said agreement of Theodore R. Herlin and his wife with the bondholders for the assumption of payment and the extension of the time of payment of the mortgage indebtedness operated to discharge the mortgagor from personal liability. There are several reasons why this contention is without merit, but it is sufficient to say that the bonds evidencing the indebtedness, which were executed by Sophie K. Herlin, the surviving mortgagor, contained the following provision:

''The original liability of the undersigned hereon shall, under all circumstances whatsoever, even though the time of payment of any or all of said bonds shall be extended without the assent of the undersigned, continue in its original force until the principal amount hereof and all interest thereon are fully paid.''

Defendants' final contention is that tenants in possession are necessary parties to a foreclosure suit and

that plaintiff's failure to make such tenants parties to this proceeding rendered the decree erroneous. Plaintiff's position in this regard is that "where an owner of real estate, joined as a defendant in a suit to foreclose a trust deed given to secure an indebtedness, in no way objects in the lower court to the non-joinder as defendants of tenants holding under him, and no reason appears why an effective decree cannot be made, the non-joinder cannot be successfully urged for the first time by the owner, in the reviewing court, on appeal from a decree of foreclosure."

While it is the general rule that tenants in possession are necessary parties to an action to foreclose a trust deed, where the question of the nonjoinder as defendants of tenants in possession is raised for the first time on appeal and where defendants say in their brief that "the eight apartments on this real estate are occupied by Theodore R. Herlin, and by other persons holding under him," an objection of nonjoinder of the tenants not raised in the trial court is entitled to little favor in a court of review, and since it is conceded that all the tenants hold under Herlin there was no absolute necessity that said tenants should have been made parties in order that an effective decree be entered in this cause.

In *Blue Island F. S. Co. v. Irrgang,* 252 Ill. App. 290, which was a suit to foreclose a mortgage, one Francis J. Sullivan was made a defendant, and it appeared that one Williams was in actual possession as a tenant of Sullivan and that he had no other right, title or interest in the premises. Williams was not made a party defendant. Sullivan appealed to this court seeking a reversal because of the failure to make Williams a party defendant. There the court said at pp. 294, 295:

"It is also urged that the decree must be reversed because of the failure to make Williams a party de-

fendant. The report of the master found that 'said premises are now in the actual possession of William Williams as a tenant of said Sullivan, and he has no other right, title or interest except as a tenant of said Sullivan,' and the decree makes the same finding. Sullivan took title by deed delivered June 15, 1926, and he testified that the lease to Williams would expire in the latter part of 1929. Sullivan filed an answer in which he did not aver the omission of any necessary party, and it is a general rule that unless such an objection is taken by demurrer, plea or answer it will receive little favor from a court of appellate jurisdiction. *Pease v. Chicago Crayon Co.*, 235 Ill. 391; *State Nat. Bank of Springfield v. United States Life Ins. Co.*, 238 Ill. 148; *Martin v. Heymann*, 251 Ill. App. 89. There is, of course, no doubt that as a general rule a tenant in possession is a necessary party to a bill praying the foreclosure of a trust deed. *Gale v. Carter*, 154 Ill. App. 478. In that case, however, the question was definitely raised in the trial court. When the question has not been raised in the trial court, the rule seems to be that this court will not reverse unless the situation disclosed by the record shows an absolute necessity for the reason that no effective decree can be made. *Gulick v. Hamilton*, 237 Ill. 367. That necessity does not appear upon this record.''

Since on the factual situation disclosed here it was not absolutely necessary to make the tenants in possession parties defendant in order to render an effective decree, and inasmuch as the decree squares with the contractual rights and obligations of the parties it should be and is affirmed.

*Decree affirmed.*

SCANLAN, P. J., and FRIEND, J., concur.