MARATHON FINANCE COMPANY, Plaintiff-Appellee, v. PIONEER BANK & TRUST COMPANY, as Trustee, *et al.*, Defendants (Henry W. Disharoon, Defendant-Appellant).[1]

First District (2nd Division)   No. 87—1118

Opinion filed March 16, 1988.—Rehearing denied April 26, 1988.

---

[1]The caption set forth in Disharoon's notice of appeal, and documents subsequently filed by both parties, erroneously designate defendants other than Disharoon as appellants, which error is herewith corrected.

Ronald Gertzman, of Chicago, for appellant.

Sherwin J. Malkin, of Sherwin J. Malkin, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Defendant Henry W. Disharoon sought to quash service of process by publication in a mortgage foreclosure case after entry of an order of default, a judgment for foreclosure and a sheriff's sale, favoring plaintiff Marathon Finance Co. (Marathon), a holder of the note secured by the mortgage sought to be foreclosed by virtue of an assignment from the original mortgagee, Cheker Oil Company. Other defendants in the case have not joined in this appeal. Disharoon presents as the issue on appeal whether the circuit court lacked jurisdiction over him due to Marathon's failure to comply with the requirements for service by publication. Marathon claims that the appeal is so meritless and frivolous as to warrant sanctions.

On September 30, 1985, Marathon filed a verified complaint against defendants Pioneer Bank & Trust Company (Pioneer), as trustee of trust No. 23481 (Trust), Harry Yourell, Cook County registrar of deeds, Disharoon and "Unknown Owners" to foreclose the mortgage and to foreclose their equitable rights to redeem. Relief requested included a judicial sale of the real estate involved, a personal deficiency judgment against Disharoon as guarantor of the note, and appointment of a receiver after the property sale if a deficiency then existed. Marathon also sought attorney fees, costs and expenses. Disharoon evidently guaranteed the promissory note for $80,000 from Pi-

oneer to Cheker Oil Company, which the latter assigned to Marathon. A mortgage rider, however, characterized Disharoon as the mortgagor.

Service of summons on Disharoon was not attempted until October 9, 1985. The deputy sheriff reported that he could not obtain personal service because Disharoon was out of town, according to Disharoon's officer manager. Before personal service was attempted, however, an affidavit supporting service by publication was sworn to on September 30, 1985, by Marathon's attorney, who averred that upon due inquiry Disharoon could not be found for personal service and that on diligent inquiry his residence could not be ascertained. Service by publication was undertaken in the Chicago Daily Law Bulletin on October 2, 9 and 16, 1985. A notice was mailed to Disharoon on October 8, 1985.

On October 10, 1985, defendant Yourell filed an answer, but no other defendants filed any responses. On November 19, 1985, Marathon moved for summary judgment, attaching affidavits from its assistant treasurer and attorney. An order of default was entered and on November 19, 1985, the circuit court entered judgment for foreclosure and sale, finding all defendants properly before it. The circuit court found that $86,465.31 was due Marathon and the rights of all other parties in the property were inferior to Marathon's lien. The court authorized the sale of the property by the sheriff unless the judgment was paid within three days and declared that if the premises were not redeemed within six months defendants would be forever barred from all rights of redemption of the property.

On January 14, 1986, the property was sold to Marathon for $15,000 at a sheriff's sale with a resulting deficiency of $73,541.25. On January 17, 1986, the circuit court approved the sheriff's report of sale and distribution.

On October 14, 1986, Disharoon filed a special appearance and moved to quash service, alleging lack of diligence in attempting to obtain service on him and thus a lack of jurisdiction. (See *R. W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 308-10, 489 N.E.2d 1360.) On October 30, 1986, Disharoon filed an amended motion to quash service of process, pointing out that the service by publication began on October 2, 1985, one week prior to personal service being attempted on October 9, 1985. Marathon moved to strike both the original and amended motions to quash. On November 18, 1986, after a hearing, the circuit court denied Disharoon's motion to quash with an order containing appealable language pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)). On December 18, 1986, Disharoon moved for rehearing and reconsideration, which was denied in an order entered March 13, 1987. Disharoon appeals.

## I

■ It is unclear from the record as to why the circuit court appended Rule 304(a) language to the dismissal order. Even were we to assume its applicability here, we first note that in *Elg v. Whittington* (1987), 119 Ill. 2d 344, 352-54, our supreme court held that filing a post-judgment motion cannot extend the time period for filing a Rule 304(a) notice of appeal. That opinion was modified to make the Rule 304(a) decision prospective and applicable in those cases in which the notice of appeal was due to be or was filed on or after November 16, 1987. In the case *sub judice*, the circuit court denied Disharoon's motion to quash on November 18, 1986. Disharoon moved for rehearing and reconsideration on December 18, 1986. That motion was denied on March 13, 1987, thereby leaving undisturbed the foreclosure of the mortgage and the equitable interest Disharoon may have had. Disharoon's appeal, having been filed on April 13, 1987, precedes *Elg* and will be considered on its merits.

## II

Disharoon first claims that Marathon's failure to comply with publication service requirements resulted in depriving the circuit court of jurisdiction over him.

■ In the absence of a general appearance, personal jurisdiction is acquired only through service of process according to statute. A judgment lacking service of process, absent a waiver of process or a general appearance, is void. (*State Bank of Lake Zurich v. Thill* (1986), 113 Ill. 2d 294, 308, 497 N.E.2d 1156; see *Bell Federal Savings & Loan Association v. Horton* (1978), 59 Ill. App. 3d 923, 930-31, 376 N.E.2d 1029.) Strict compliance with statutory requirements for publication service under section 2—206 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—206) is necessary. (*In re Marriage of Wilson* (1986), 150 Ill. App. 3d 885, 889, 502 N.E.2d 447; *First Federal Savings & Loan Association v. Brown* (1979), 74 Ill. App. 3d 901, 906, 393 N.E.2d 574.) The requirements of "due inquiry" and "diligent inquiry" are not useless phrases and are not satisfied by perfunctory representations. Rather, honest and well-directed investigative efforts must be conducted to ascertain any unknown names or addresses, as completely as circumstances permit. (*Graham v. O'Connor* (1932), 350 Ill. 36, 40-41, 182 N.E. 764; *City of Chicago v. Moran* (1974), 17 Ill. App. 3d 515, 520, 308 N.E.2d 324; *City of Chicago v. Leakas* (1972), 6 Ill. App. 3d 20, 27, 284 N.E.2d 449.) If statutorily mandated inquiries are not made, the affidavit does not speak the truth and cannot confer jurisdiction. (*Graham v. O'Connor*, 350 Ill. at 41; see *Bell Federal Sav-*

*ings & Loan Association v. Horton,* 59 Ill. App. 3d at 929-30.) Jurisdiction cannot be acquired by a mere recital contrary to what the record shows. *State Bank of Lake Zurich v. Thill,* 113 Ill. 2d at 317.

■■ Marathon's affidavit supporting service by publication was therefore required to be both truthful and based on due and diligent inquiry, as provided by section 2—206 of the Code of Civil Procedure. (Ill. Rev. Stat. 1985, ch. 110, par. 2—206.) Disharoon contends the affidavit at bar failed to meet those requirements, because it was sworn prior to the sheriff's attempted personal service. In argument, however, Marathon's counsel represented to the court that he and his clients at one time believed that Disharoon was a trust beneficiary and had personally sought him out before the lawsuit was filed. They did not know of his whereabouts in New Mexico until later. The purpose of having the sheriff seek to serve him was simply an extra precaution. The circuit court accepted this explanation. No countervailing evidence was offered or submitted in Disharoon's behalf and Marathon's counsel was not questioned as to the veracity of his statement to the court.

In the instant case, Marathon's attorney executed his affidavit supporting service by publication on September 30, 1985, prior to a deputy sheriff's attempted personal service on October 9, 1985. His in-court representation that he and his clients personally had sought to find Disharoon, but were unsuccessful, prior to the time summons for personal service was placed with the sheriff, was the basis for his affidavit supporting service by publication and was unrefuted and accepted by the court. Moreover, a certificate filed by the clerk of the court reveals that a copy of the notice of foreclosure by publication was sent to Disharoon at his last known place of residence, in further compliance with section 2—206. Whether the mailed notice was returned or not is not shown by the record. The trustee of the mortgagor trust was served personally, but filed no appearance or answer.

■ It is clear that the circuit court had jurisdiction over the trust, trustee and the property which was the subject of the foreclosure action. Indeed, Disharoon does not seek to set aside the judgment of foreclosure of the mortgage, but merely to quash service on him by publication. His appeal is taken from the denial of his amended motion to quash such service.

Marathon argues that Disharoon as a guarantor was not a necessary party to foreclosure proceedings in any event and that Disharoon had not shown that any interests of his are affected. Even if he was a beneficiary, instead of a guarantor, the beneficiary of a land trust is not a necessary party in a foreclosure or condemnation proceedings, unless the trustee cannot fully protect his interests, but may be a

proper party if his rights and liabilities respecting management and control, use, or possession of property are involved. *Chicago Title & Trust Co. v. Exchange National Bank* (1974), 19 Ill. App. 3d 565, 569-70, 312 N.E.2d 11; *Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374, 377, 379-80, 356 N.E.2d 1245.

The record in the case *sub judice* does not clearly indicate Disharoon's status except for being guarantor of the note. Although the rider to the mortgage described him as the mortgagor and the complaint requested a personal deficiency judgment against him, no such deficiency relief was granted in the foreclosure judgment.

Under the foregoing posture of the record, we find no error in the refusal of the circuit court to quash service by publication upon Disharoon.

### III

■ Marathon requests sanctions under section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611), asserting that this appeal is meritless and frivolous.

Section 2—611, as amended effective November 25, 1986 (Ill. Rev. Stat., 1986 Supp., ch. 110, par. 2—611), requires that a pleading be

"well grounded in fact and *** warranted by existing law or a good faith argument *** and *** not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

Appropriate sanctions to cover any costs incurred by other parties may be assessed by the court. This new proviso is intended to prevent counsel from making assertions of fact or law without support. See *In re Mitan* (1987), 119 Ill. 2d 229, 246.

In the present case, Disharoon has not clearly explained how his interests are affected by the relief he is seeking. He has, however, based his legal argument on numerous Illinois cases analyzing requirements for service by publication. It cannot be said, therefore, that Disharoon has made assertions of law without support. Accordingly, sanctions are not warranted under section 2—611.

For the foregoing reasons we affirm.

Affirmed.

STAMOS and SCARIANO, JJ., concur.