## THE CHICAGO CITY RAILWAY COMPANY

*v.*

## JAMES F. HENRY.

*Opinion filed October 24, 1905—Rehearing denied Dec. 6, 1905.*

1. TRIAL—*when refusal to direct verdict is proper.* The facts that the plaintiff's account of how his injury occurred is improbable though not inconsistent with the fixed laws of nature, and that the defendant's evidence tends strongly to show that the accident occurred on a different day and in an entirely different manner, raise a question of credibility or probability as to the facts and do not authorize the court to take the case from the jury.

2. DAMAGES—*right of plaintiff to recover expense of cure.* One injured by the wrongful act of another may recover all reasonable doctor's and surgeon's fees necessarily incurred in effecting a cure, and if further expenses for a surgical operation will be necessary he may prove that fact for the consideration of the jury.

3. EVIDENCE—*what evidence in regard to surgical operation is incompetent.* Where there is no evidence that a surgical operation upon the plaintiff has been performed or is even contemplated or required, evidence that a man in the station of life of the plaintiff "would have to have" $250 to be operated upon by a competent surgeon is incompetent.

4. SAME—*admissions or declarations against interest are admissible.* Statements by the plaintiff in a personal injury case, made out of court to a physician as to the cause of certain physical disorders and as to his having worn a belt about his abdomen previous to the injury, which statements are in the nature of admissions or declarations against interest, are admissible, and it is error to exclude them.

5. APPEALS AND ERRORS—*when ruling is properly preserved for review.* If the defendant objects to a question asked of a witness, and the court, after putting the question in different form, allows the witness to answer, the act of the court is, in effect, an overruling of the objection, and, if the defendant excepts, the ruling is preserved for review although no separate objection to the question as framed by the court was made.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

WILLIAM J. HYNES, SAMUEL S. PAGE, and WATSON J. FERRY, (MASON B. STARRING, of counsel,) for appellant.

GEORGE E. GORMAN, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

This is an action of trespass on the case, brought by appellee in the circuit court of Cook county against appellant, to recover damages for personal injuries alleged to have been sustained by plaintiff while attempting to board one of the defendant's electric street railway cars on August 2, 1902, at the corner of Wentworth avenue and Twenty-fifth place, in the city of Chicago. The act of the defendant relied upon for a recovery was suddenly starting the car while plaintiff was getting on, and his injuries were alleged to have resulted from his being thrown upon the ground. The plea was the general issue, and there was a verdict for $2500, upon which judgment was entered. The Branch Appellate Court for the First District affirmed the judgment, and the case is brought here by a further appeal.

It is argued on behalf of appellant that the trial court erred in refusing to direct a verdict of not guilty at the close of all the evidence, on the ground that the evidence for the plaintiff was of such a character as not to impress reasonable minds with its probability or truth. The plaintiff and one witness testifying in his behalf gave testimony that the car came to a stop, and that while plaintiff was in the act of getting on, and had one foot on the ground and one on the step of the rear platform and had hold of the handles, the car was started and he was thrown to the ground. The defendant claimed that the accident did not occur on August 2, but on August 4; that instead of attempting to board the car he attempted to alight from it while it was in motion without notifying either the conductor or the motorman of

his intention, and that whatever injuries he sustained were caused by his own negligence in so attempting to leave the car. There was testimony of six witnesses that an accident occurred in the manner claimed by the defendant, and which tended to prove, more or less directly, that plaintiff was the person injured. The real ground of the motion to direct a verdict was that the plaintiff's description of the manner in which the accident occurred was so improbable as to demonstrate that it was not true; that in view of the common observation and experience he should not have been believed by the court and jury, and that the testimony of the plaintiff and his witness was clearly overcome by the evidence on the part of the defendant. If all that is claimed in that respect should be conceded the court would not have been authorized to direct a verdict of not guilty. The question raised is only one of credibility or probability as to the facts, which would be a proper question to be considered by the court on a motion for a new trial or by the Appellate Court, but which is not open for our consideration. There was nothing in plaintiff's account of the transaction inconsistent with or repugnant to the fixed laws of nature or of such a character that no amount or kind of evidence would induce a reasonable person to believe it. There was no error in refusing to direct a verdict.

One of the two principal injuries which plaintiff claimed he had suffered from the accident was a hernia. The doctor who had treated him, testifying in his behalf, described the hernia and stated to the jury its effect upon his health, both in the past and in the future. He testified that it would weaken the plaintiff and make him nervous, and that he had recommended him to have an operation performed, but none had ever been performed and there was no evidence tending to show that one was contemplated or would be required. It was not a case where the surgical operation must be performed, but was a case where the plaintiff could have it performed or not, as he saw fit. The doctor testified to the

usual, ordinary and customary charge for medical and surgical services which he had rendered to the plaintiff, and he was then asked what such an operation as he referred to for curing the hernia would cost. The defendant objected to the question. The court, before ruling on the objection, asked the witness if he knew what a man in plaintiff's station in life would have to have to be properly operated upon by a competent surgeon. The witness answered that he did, and the court then said that he could tell the jury. The defendant excepted to the ruling, and the witness answered, "About $250." The question was improper and the evidence incompetent in any view of the case. Not only had no expenses for a surgical operation been incurred but there was no evidence that any operation was contemplated, and the question was not what would have been a reasonable charge for such an operation, but how much a man in the station of life of the plaintiff would have to have to be operated upon by a competent surgeon. The question was not even what plaintiff would be charged for the service, or what would be a usual, ordinary or reasonable charge. One who has been injured by the wrongful act of another may recover all reasonable expenses which he has incurred for doctor's or surgeon's fees, medicines and nursing rendered necessary in endeavoring to be cured of his injuries. (*City of Chicago* v. *Langlass,* 66 Ill. 361; *Village of Sheridan* v. *Hibbard,* 119 id. 307; *Consolidated Coal Co.* v. *Haenni,* 146 id. 614; 8 Am. & Eng. Ency. of Law,—2d ed.—645; 13 Cyc. 78.) He must exercise reasonable care to effect a cure and mitigate the effect of the wrongful act and is entitled to recover all legitimate expenses incurred for that purpose, and if it is proved that further expenses for a surgical operation or medical treatment or attendance will necessarily be required the jury may take that fact into account. It was competent for the plaintiff to show, by evidence, the value of the expenses which he had incurred for medical and surgical services, and if he would be subject to like expenses in the future it would be competent to prove

the fact. But that was not done. There was evidence of what the future effect of the hernia upon the plaintiff would be, and under an instruction given at the instance of the plaintiff the jury were authorized to assess damages on the ground that plaintiff suffered, and would suffer in the future, from the hernia. They were authorized to give damages for future suffering and loss of health on account of the injuries proved, including the hernia, and in addition the court permitted proof that plaintiff would have to have $250 to be operated upon by a competent surgeon. The principal answer to the assignment of error is, that the defendant did not object to the question when asked by the court. The question asked by counsel as to what an operation such as he referred to would cost was objected to. The court put the question in different shape, and asked the witness if he knew what a man would have to have to be properly operated on by a competent surgeon, and when the witness said that he knew, the court said that he might tell. This was overruling the objection, and the defendant by excepting did all that was required to obtain a review of the ruling.

There are some other complaints of rulings in excluding evidence of statements of the plaintiff made out of court to a doctor as to the cause of certain physical disorders and as to his previously having worn a belt or bandage about his abdomen. The evidence being in the nature of admissions or declarations against interest, the court erred in excluding the evidence.

For the error above pointed out the judgments of the Appellate Court and the circuit court of Cook county are reversed and the cause is remanded to the circuit court.

*Reversed and remanded.*