DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1912.

---

### Frank Chambers, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 17,389.

1. DAMAGES—*testimony as to possible future consequences of injuries is reversible error.* Testimony as to what will be the termination or result of injuries, " it is very likely epilepsy," and "epilepsy may result from the continuation of irritation," is as to possible future consequences and is error so serious as to require a reversal.

2. DAMAGES—*future consequences of injury.* Inquiries as to the future consequences of injuries received must be confined to those which are reasonably certain to occur.

3. STREET RAILROADS—*when instruction on due care is erroneous.* Where a person riding in a buggy is injured in a collision with a street car, an instruction for the plaintiff defining ordinary care as the care which a person of ordinary prudence "would usually exercise under the same or similar circumstances," is improper in disregarding a material inquiry as to whether a person of ordinary prudence would have permitted himself to be in a situation plaintiff was in and be surrounded by the same or similar circumstances.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

(362)

Chambers v. Chicago City Railway Co., 175 Ill. App. 362.

Heard in the Branch Appellate Court at the March term, 1911.
Reversed and remanded. Opinion filed November 29, 1912.

John E. Kehoe, C. Le Roy Brown and Watson J.
Ferry, for appellant; Leonard A. Busby, of counsel.

Rice & O'Neil and Caswell & Healy, for appellee;
Daniel M. Healy, of counsel.

Mr. Justice McSurely delivered the opinion of the
court.

Frank Chambers, appellee, having obtained a judg-
ment against the Chicago City Railway Company in
an action on the case for personal injuries, appellant
has brought the case to this court for review. Cham-
bers received the injuries as the result of a collision
between a street car belonging to appellant, and a
buggy in which appellee was riding. The street car
was going north on State street; the buggy was going
south on the same street, but was turned eastward at
Congress street, and while crossing the east or north-
bound track on State street was struck by the north-
bound car in question.

As we shall reverse this case for errors committed
upon the trial, we do not now state or discuss the evi-
dence concerning the happening of the accident.

Dr. Donlon, testifying for the plaintiff upon the trial
touching the injuries received, was asked "as to what
would be the termination of such a case", and over ob-
jection answered, "It is very likely epilepsy." Dr.
Murdock, testifying on the same matter on behalf of
plaintiff, when asked as to what may result, replied,
"Epilepsy may result from the continuation of this
character of irritation." It has repeatedly been held
that to permit testimony as to possible future conse-
quences of injuries received in error so serious as to
require a reversal. Inquiries as to future conse-
quences must be confined to those which are reason-
ably certain to occur. Chicago Union Traction Co. v

Lauth, 216 Ill. 176; Lauth v. Chicago Union Traction Co., 244 Ill. 244; Chicago & E. I. R. Co. v. Donworth, 203 Ill. 192; Chicago City R. Co. v. Henry, 218 Ill. 92; Shaughnessy v. Holt, 236 Ill. 485; Pittsburgh, Ft. W. & C. R. Co. v. Moore, 110 Ill. App. 304, and many other cases. These decisions are so well known to the bar that no quotations from them are necessary; they are conclusive upon this question.

We are also of the opinion that instruction No. 3 given at plaintiff's request should not have been given in this case. Its definition of ordinary care as the care which a person of ordinary prudence "would usually exercise under the same or similar circumstances," disregards the material inquiry as to whether a person of ordinary prudence would have permitted himself to be in the situation plaintiff was in and be surrounded by the same or similar circumstances. For this reason the giving of a similar instruction was strongly criticised in North Chicago St. R. Co. v. Cossar, 203 Ill. 608.

As to the point that the trial court should have permitted the witness Cronin to testify we express no opinion, as upon the next trial his testimony may be available.

For the reasons given the judgment will be reversed and the cause remanded.

*Reversed and remanded.*