**Thomas Foulkes, Appellee, v. Francis M. Steward, Appellant.**

**Gen. No. 17,433.**

1. APPEALS AND ERRORS—*what order is final.* Where an order is entered setting aside an order entered on stipulation of the parties vacating a judgment, such order is a final order.

2. ASSIGNMENTS—*judgments.* The assignee of a judgment has the right to use his name in any motion or proceeding relating to

the judgment, and the assignor has no power to stipulate that the judgment be vacated.

3. Forgery—*evidence*. *Held*, that a conclusion reached by the court without a jury that an assignment of a judgment was not a forgery might properly be reached on the evidence.

4. Appeals and errors—*presumption as to what evidence was considered by court*. Where a trial was by the court, it will be presumed on appeal that only competent evidence was considered.

Appeal from the Circuit Court of Cook county; the Hon. Jesse A. Baldwin, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed April 21, 1913.

**Statement by the Court.** December 29, 1899, appellee Foulkes recovered a judgment against Steward in the Circuit Court in tort for $2,274.00, and Steward appealed to this court. June 13, 1910, while the appeal was pending, Foulkes and Steward filed in said cause in this court their stipulation to dismiss the appeal. They also personally appeared before the court and moved that on such stipulation the appeal be dismissed and an order was entered dismissing the appeal. On the same day they filed in said cause in the Circuit Court their stipulation to vacate the judgment of December 23, 1909, and an order was entered that on such stipulation the judgment be vacated and the cause dismissed. June 18, 1910, there was filed in the Circuit Court a motion signed "J. Marion Miller, Attorney for Plaintiff," to set aside the order of June 13 vacating the judgment. George A. Durant claims that plaintiff Foulkes, December 24, 1899, executed and delivered to him an assignment of the judgment. Miller was the attorney of the plaintiff up to the time the judgment was recovered and afterwards represented Durant. His right to move in the name of the plaintiff to vacate the order of June 13, 1900, is based on the contention that the plaintiff had assigned the judgment to Durant. The motion to set aside the order of the Circuit Court vacating the judgment was heard before Judge Baldwin on affidavits and the testimony of witnesses, and an order was entered vacating and setting aside the

said order. From that order the defendant Steward prosecutes this appeal.

EDWIN L. HARPHAM and C. W. GREENFIELD, for appellant.

CHARLES R. WHITMAN, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

A motion to dismiss the appeal on the ground that the order appealed from is not a final order has been reserved to the hearing. We think the order is a final order and the motion to dismiss is denied.

The question presented by the record is whether the instrument purporting to be an assignment of the judgment was executed by Foulkes, or is a forgery. If Foulkes had assigned the judgment to Durant, Durant had the right to use his name in any motion or proceeding relating to the judgment, and Foulkes had no power or authority to stipulate that the judgment be vacated. The court did not err in refusing to dismiss or strike from the files the motion filed, on behalf of Durant, but in the name of Foulkes.

The witnesses called by Durant to prove that the assignment was executed by Foulkes were Anderson, Miller and Durant, each of whom testified that he was present when the assignment was executed by Foulkes, Miss Crownover, a stenographer in Miller's office, who testified that Miller dictated the assignment to her and she wrote it on a typewriter, and five experts in handwriting, who, on comparison of the signature to the assignment with signatures of Foulkes to instruments in evidence, admitted to be genuine, testified to the opinion that the signature to the assignment was the genuine signature of Foulkes. The witnesses called by Steward to prove that the purported assignment was a forgery were Foulkes, who so testified, and five experts in handwriting who, on the same com-

parisons testified to by the experts called by Durant,
testified to the opinion that the signature in question
was not that of Foulkes. On the question whether
notice was given to Steward of the assignment soon
after it is claimed that it was executed, the testimony
is also conflicting. The testimony of the witnesses,
other than the experts, cannot be reconciled on the
hypothesis that all of such witnesses intended to tell
the truth. Giving to the finding of the trial judge,
who saw and heard the witnesses, the weight which
the law gives it, we cannot say that the conclusion
reached by him was not one that might properly be
reached on the evidence. As the trial was by the
court, it will be presumed that only competent
evidence was considered, and if any incompetent evi-
dence was received, its admission was not harmful
to the defendant.

The order appealed from is affirmed.

*Order affirmed.*