**Byrne Organization, Inc., Plaintiff, v. Hal D. Cantin and Julius B. Goldberg, Appellees.**
**On Appeal of Neale-Phypers Company, Appellant.**

**Gen. No. 47,159.**

First District, First Division.
December 16, 1957.
Released for publication February 10, 1958.

Altheimer, Kabaker, Lipson & Naiburg, of Chicago (Marvin E. Pollock, Lionel G. Gross and Peter Cohn, of counsel) for intervenor-petitioner-appellant.

Shaffer, Seelig, Mandel & Shapiro, of Chicago (David E. Malfar, Ellis Shaffer, Richard S. Spector and Morton A. Gordon, of counsel) for defendants-appellees.

JUSTICE ROBSON delivered the opinion of the court.

This is an appeal from an order denying the appellant the right to intervene in proceedings to vacate a judgment obtained by confession. The only issue is whether or not the appellant was entitled to intervene as a matter of right under Section 26.1 of the Civil Practice Act. (Ill. Rev. Stat., 1957, chap. 110.)

On January 27, 1955, Byrne Organization, Inc., a Delaware corporation, obtained a judgment by confession against Julius B. Goldberg and Hal D. Cantin for $25,850 and costs. The judgment was based upon a guaranty executed by defendants Cantin and Goldberg, and three others, to guarantee the value of certain stock certificates transferred to Byrne Organization, Inc. in payment of the balance due on a building construction contract. Defendants Cantin and Goldberg filed motions to vacate or open the judgment, asserting that the relationship between the other guarantors and the plaintiff, together with the plaintiff's failure to obtain a judgment against those guarantors, or to make a demand on them, impaired the right of the defendants to contribution and, thus, constituted a good defense on the merits to the plaintiff's demand. An order was entered opening the judgment and ordering plaintiff to file its reply within thirty days. Plaintiff, Byrne Organization, Inc., filed its reply on August 25, 1955, admitting that the three other parties to the guaranty had executed an agreement to indemnify defendants against the claim upon which the judgment was based. The reply also set forth in detail that Byrne Organization, Inc. had assigned its judgment and cause of action to Omer W. Schroeder on May 19, 1955. Schroeder was one of the three nondefendant parties who had signed the guaranty upon which the judgment was based. On October 5, 1956, leave was granted defendants to file a motion for judgment on the pleadings and continuing the motion until October 10, 1956. The motion was again continued until October 11, 1956. On October 11, 1956, the Neale-Phypers Company, an Ohio corporation and appellant herein, filed a motion to substitute as party plaintiff. That motion set forth that on October 8, 1956, plaintiff's assignee, Schroeder, had assigned the judgment in this cause to Neale-Phypers Company. The motion was

denied. On November 5, 1956, Neale-Phypers Company filed a petition for leave to intervene under Section 26.1 of the Civil Practice Act. The petition was denied on the same day and an order entered setting the cause for trial on January 7, 1957, and continuing defendants' motion for judgment on the pleadings to that date. Neale-Phypers Company appeals from that order.

It is the sole contention of the appellant that the trial court erred in denying its petition for leave to intervene. Appellant argues that the representation of its interest by the present plaintiff is inadequate, that a judgment in the cause will be binding upon it, that its application was timely, and that for these reasons it had a right to intervene under Section 26.1 (1) (b) of the Civil Practice Act. The validity of this contention is the only issue presented by this appeal.

The appellant acquired its interest in this action through an assignment to it of the judgment by the assignee of plaintiff. Both parties to this appeal have contrived arguments which indicate a misconception of the provision of the Illinois Civil Practice Act applicable to this situation. They erroneously concede that there is no provision of the Illinois Act comparable in scope and effect to the "transfer of interest" sections of the Federal Rules of Civil Procedure or the Missouri Civil Code. (See 28 U. S. C. Sec. 2072, Rule 25 (c); V. A. M. S. Sec. 507.100.)

Section 54 of our Practice Act provides as follows (S. H. A., ch. 110, sec. 54 (1):

"Change of interest or liability. If by reason of marriage, bankruptcy, assignment, or any other event occurring after the commencement of a cause or proceeding, either before or after judgment, causing a change or transmission of interest or liability, or by reason of any person interested coming into existence after commencement of the action, it becomes necessary or desirable that any person not already a party

34

be before the court, or that any person already a party be made party in another capacity, the action does not abate, but on motion an order may be entered that the proper parties be substituted or added, and that the cause or proceeding be carried on with the remaining parties and new parties, with or without a change in the title of the cause."

Subsection 1 of Section 54 is a revision of Section 54 of the 1933 Practice Act. (See Joint Committee Comments, S. H. A., chap. 110, sec. 54.) The 1955 revision of former Section 54 contains no substantive change material to the discretionary power of the trial court to order a substitution of parties where there has been a transfer of interest or liability after the commencement of a cause or proceeding. In the instant case, the trial court denied the motion of Byrne Organization, Inc. and the appellant to substitute appellant as plaintiff in this action.

As heretofore stated, plaintiff confessed the judgment against defendants, and one month after defendants' motion to open the judgment was allowed plaintiff assigned all its interest in the proceeding to Schroeder. Subsequently, almost fifteen months later, Schroeder assigned all interest in the proceeding to appellant. Both Schroeder and appellant took the judgment at a time when proceedings which could nullify it were pending.

The appellant insists that the trial court had no discretionary power in allowing or denying it the right to become a party to this cause. Appellant has thus sought to use intervention of right as a means of contesting an attempt to vacate a judgment which was assigned to it over a year after an order opening the judgment was entered. Section 54 of the Civil Practice Act clearly provides for substitution of parties where there has been a transfer of interest or liability occurring after the commencement of a cause or pro-

35

ceeding. Appellant sought such a substitution but did not pursue its remedy by appealing an adverse order.

The purpose of the Civil Practice Act is to provide a comprehensive and orderly procedure in furtherance of the judicial process. Under it the distinction between intervention as a matter of right and a substitution of parties where there has been a transfer of interest is not illusory. The right to intervene is a statutory remedy for the hardships which existed under prior case law severely limiting the opportunity of one not a party to litigation to protect an interest which might be adversely affected by its determination. (See Joint Committee Comments, S. H. A., chap. 110, sec. 26.1.) The situations to which this remedy applies are clearly outlined by the statute, which does not enumerate among the interests protected one created by a voluntary act of one of the parties subsequent to the commencement of suit. (See Ill. Rev. Stat., 1957, chap. 110, sec. 26.1(1).) Such an interest is, however, specifically enumerated in the provision of the Act allowing substitution. While Section 26.1(1) and Section 54(1) may both be applicable to a situation where an outsider's interest has devolved upon him by operation of law after a suit has commenced, the time at which the outsider acquires his interest as well as the manner in which he acquires it are the important bases on which the two provisions differ. Where the outsider's interest is created by the voluntary act of one of the parties while suit is in process, the outsider acquires an interest subject to certain calculated or calculable risks. In such a situation it is within the discretion of the court to allow the outsider to become substituted or added as a party. But, where the outsider has an interest which was not transferred to him by one of the parties to a lawsuit, during litigation, and that interest is jeopardized by a lawsuit, justice demands that he have the right to protect that interest.

The Civil Practice Act provides that right in three instances: (1) where another statute confers an unconditional right to intervene; (2) where representation by an existing party is inadequate and a judgment or order may bind the one petitioning; and (3) when a disposition of property in the court's control will adversely affect someone not a party to the action.

 The difference between the two provisions is perhaps made more clear by the discussion of the transfer of interest provision of the Federal Rules which is found in Professor Moore's treatise on Federal Practice (4 Moore's Federal Practice, Section 25.08 (2d ed. 1950)):

". . . Since substitution does not affect the substantive rights involved on a transfer of interest, it may under some circumstances be unnecessary; indeed the court may, in the exercise of its discretion, find it is more convenient that the original party, who in this situation is still able to continue the action, do so. (Citing Vandenbark v. Busiek, 1 FRD 366.) In such a case the transferee will be bound by the judgment, even though not a party, for his rights are no better than his transferor's; and similarly if the judgment is in favor of the transferor the adjudication enures to the benefit of the transferee. Substitution of a successor in interest, or his joinder as an additional party, rests in the discretion of the district court under Rule 25(c); . . ." (Citing McComb v. Row River Lumber Co., 177 F.2d 129.)

Further, the assignee of a judgment takes it with all rights incident to its enforcement and collection which might have been employed by its assignor. Stombaugh v. Morey, 388 Ill. 392 (1944); People v. Kelly, 367 Ill. 616, 619 (1938); Eagle Indemnity Co. v. Haaker, 309 Ill. App. 406 (1941). The assignee of a judgment has the right to use the name of the assignor in any motion or proceeding relating thereto. Foulkes v.

Steward, 179 Ill. App. 9 (1913). This concept is stated in Freeman's treatise on judgments as follows (2 Freeman on Judgments, sec. 1047, 5th Ed. 1925):

"But even by the common law 'the assignment passes the equitable title, if it is made for a valuable consideration, vesting in the assignee the exclusive right to control the judgment and to use the name of the assignor in the issue of process, or in an original suit on the judgment,' and to receive the proceeds when collected."

It is apparent that should the plaintiff abandon proceedings in this cause, the appellant has the right to carry on in its name. We conclude that appellant, as an assignee of the judgment, took it subject to a final determination of the rights of the initial parties, and subject to the discretion of the trial court in allowing a substitution of the parties. Appellant, having failed to appeal from the order denying its substitution, could not under the provisions of the Practice Act claim this right by intervention.

The order of the trial court is affirmed.

Order affirmed.

SCHWARTZ, P. J. and McCORMICK, J., concur.