Maevus Feiertag, Also Known as Mavis Feiertag, Plaintiff-Appellee, v. Joseph Reichmann, et al., Defendants-Appellees.
Appeal of Katherine E. Nova, et al., Petitioners-Appellants.

Gen. No. 47,530.

First District, First Division.

March 23, 1959.

Released for publication May 13, 1959.

E. R. Borgmeier & John McMahon Murphy, of Chicago (E. R. Borgmeier, of counsel) for appellants.

Nathan Hoffberg, for Reichmann and Oak Park National Bank, appellees; Alphonse Cerza, for Scalise and Russo, appellees; John T. McGrath, for Wandas, appellee; Nicholas Limperis, for John T. McGrath, appellee; John A. Reid and Charles F. Grimes, for Chicago Title & Trust Company, appellee.

JUSTICE DEMPSEY delivered the opinion of the court.

There are two appeals. One is by Katherine Nova from an order denying her petition to intervene in the case of Feiertag v. Reichmann. The other is by Borgmeier and Murphy, attorneys who represented the plaintiff; they seek to continue the suit, which had been voluntarily dismissed by the plaintiff, in order to protect their rights under a contingent fee contract.

The complaint, to set aside certain deeds as clouds on the plaintiff's title and for other relief, was filed April 12, 1957. In October 1957, the plaintiff advised the court that she wished to dismiss her suit. Her attorneys protested. They revealed that on April 13, 1957,

the plaintiff quitclaimed a one-half interest in the property to Nova and also gave her "exclusive control over the law suit." They said they represented Nova and moved to make her an additional party plaintiff. The court permitted dismissal and denied intervention.

The arguments of both appellant and appellees center around sec. 26.1(1)(b) of the Civil Practice Act (ch. 110, Ill. Rev. Stats. 1957), which states:

"(1) Upon timely application anyone shall be permitted as of right to intervene in an action: . . . (b) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by a judgment, decree or order in the action; . . . ."

The appellant insists it was her right to intervene and that the court was without discretion.

■ The right to intervene under this section is not unqualified; all provisions of sec. 26.1 must be met. One of these is that the application be timely; another is par. (5), which requires the presentation of the pleading or motion which the applicant proposes to file.

■ The application was not timely. Although the transfer was made the day after the complaint was filed, the appellant's one-half interest was not revealed to the court until six months later and then only when the plaintiff dismissed her suit. In June 1957, two months after the execution of the quitclaim, a seventeen-page amended complaint was filed. Despite the fact that the same attorneys represented the plaintiff and Nova, no mention was made in the amended complaint of the latter's interest. If the plaintiff and Nova had different counsel there might be less significance to this omission; but here there was a community of knowledge, and it would have been normal and natural for the interest to have been disclosed at that time.

Par. (5) of sec. 26.1 provides:

"A person desiring to intervene shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he proposes to file."

This paragraph codified the practice in our courts prior to the adoption of the Civil Practice Act. Strader v. Board of Education of Community Unit School Dist. No. 1 of Coles County, 351 Ill. App. 438; Hyland v. 79 West Monroe Corp., 2 Ill.App.2d 83. The record shows that no pleading or motion accompanied the petition to intervene. Even if the appellant wanted to adopt the plaintiff's complaint it would have been necessary to present some pleading to this effect.

The appellant did not comply with necessary requirements of sec. 26.1 and the court was correct in denying her petition.

The appellant also argues that she had the right to enter the case at any time, even before or after judgment, under sec. 26 of the Civil Practice Act. This section pertains to the misjoinder and nonjoinder of parties and not to the right of intervention. It has no application here. Neither, under the circumstances of this case, does sec. 25 which was mentioned in oral argument.

Another section of the Civil Practice Act, however, has been held to be applicable. Our court has held that where an interest is acquired by a voluntary transfer after a suit has started, as in this case, sec. 54(1) is the controlling statute. This is as follows:

"54(1) Change of interest or liability. If by reason of marriage, bankruptcy, assignment, or any other event occurring after the commencement of a cause or proceeding, . . . causing a change or transmission of interest . . . it becomes necessary or desirable that any person not already a party be before the

218

court . . . the action does not abate, but on motion an order may be entered that the proper parties be substituted or added. . . ."

In Byrne Organization, Inc. v. Cantin, 16 Ill.App.2d 31 (1957), the plaintiff had assigned its interest after the proceeding had commenced; the assignee sought to intervene. Our court said it could not do so under sec. 26.1, that 54(1) was the proper remedy. In discussing sec. 26.1 this court said:

"The situations to which this remedy applies are clearly outlined by the statute, which does not enumerate among the interests protected one created by a voluntary act of one of the parties subsequent to the commencement of suit."

The court went on to distinguish the two sections:

"While Section 26.1(1) and Section 54(1) may both be applicable to a situation where an outsider's interest has devolved upon him by operation of law after a suit has commenced, the time at which the outsider acquires his interest as well as the manner in which he acquires it are the important bases on which the two provisions differ. Where the outsider's interest is created by the voluntary act of one of the parties while suit is in process, the outsider acquires an interest subject to certain calculated or calculable risks. In such a situation it is within the discretion of the court to allow the outsider to become substituted or added as a party."

The complaint in this case was filed April 12th; Nova acquired her interest by a voluntary transfer April 13th. Under the interpretation of the Byrne case sec. 54(1) would be controlling and it would be, therefore, within the discretionary power of the court to make her an additional party plaintiff. For the same reasons heretofore stated we think the court soundly exercised its discretion. We find that under either sec. 26.1 or sec. 54(1) the petition was properly denied.

219

The appeal of Borgmeier and Murphy is based on their petition which requested leave to proceed with the litigation to properly protect the plaintiff and determine her damages, and to protect their rights and determine their fees as her attorneys. Attached to the petition was a copy of a retainer contract in which the plaintiff agreed to pay them one half of any recovery.

 The record does not show a ruling on this petition, but we can consider the refusal of the court to vacate the order of dismissal as tantamount to a denial. The plaintiff had the right to dismiss. (Ill. Rev. Stats. 1957, ch. 110, sec. 52.) After the plaintiff expressed her desire to dismiss and the defendants and counterclaimants consented, sec. 52 had been fully complied with. The plaintiff, not her attorneys, had control over her suit. We are aware of no rule which compels a client to carry on an action because her attorneys so desire or which permits attorneys to prosecute an abandoned suit. On the contrary, the client-attorney relationship is one of principal-agent, and an attorney cannot prosecute a claim contrary to the wishes of his client. Hyman Tucker, Administrator of Estate of Samuel I. Tucker, Deceased v. Louis Tucker, 316 Ill. App. 671; Hauser v. Security Credit Co. (1936), 66 N. D. 399, 266 N. W. 104. The plaintiff died the day after the petition was presented. Nevertheless, as this appeal evidences, the appellants persisted in their contention. We believe the appeal is without merit.

The order of the Circuit Court is affirmed.

A motion to dismiss the appeal was taken with the case. In view of our decision it is not necessary to pass on it.

Affirmed.

McCORMICK, P. J. and SCHWARTZ, J., concur.