**Theodore Kendrick, Plaintiff-Appellant, v. Standard Oil Company, etc., et al., Defendants, and United States of America, Intervenor-Appellee.**

**Gen. No. M–50,912.**

First District, Third Division.

March 23, 1967.

McCoy, Ming & Black, of Chicago, for appellant.

Edward V. Hanrahan, United States Attorney, of Chicago (John Peter Lulinski, Lawrence Jay Weiner and Arthur D. Rissman, Assistant United States Attorneys, of counsel), for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

This is a consolidation of two appeals: Theodore Kendrick appeals from a summary judgment order which held that the United States of America was the rightful owner of a fund deposited with the Clerk of the

Circuit Court, and the attorneys for Kendrick appeal from an order dismissing their petition for intervention and for the declaration of an attorney's lien. Kendrick, a war veteran, was injured in an accident in November, 1959, and was confined in the Veterans' Administration Hospital at Hines, Illinois, from November 20, 1959, to June 16, 1960. As an honorably discharged veteran he was admitted to the hospital because, at the time of his injuries, he was unable to pay the necessary expenses for medical services. The principal issue concerns the right of the United States (on behalf of the Administrator of Veterans' Affairs) to recover the reasonable costs of the treatment rendered him during his hospitalization.

The day before his discharge from the hospital, Kendrick voluntarily signed a document entitled "Power of Attorney and Agreement" whereby he transferred to the administrator his claims against any third parties who, because of their tortious conduct, might be liable to him for the cost of his hospital care. On March 20, 1961, he filed a complaint against the Standard Oil Company and Charles and Teddy Tarr to recover for the personal injuries he sustained. Two days later the administrator notified him through his attorneys, and the Tarrs through their insurer, of a lien in the amount of $5,061.98, asserted pursuant to the Illinois Hospital Liens Act, against any proceeds of a suit or settlement arising out of Kendrick's claim. On September 28, 1964, an agreed judgment of $38,000 was entered against the Tarrs, and by agreement Kendrick took nothing by his suit against Standard Oil.

The Tarrs, stating that they were disinterested parties to the controversy between Kendrick and the administrator, petitioned the court to accept their check of $5,061.98 payable to Kendrick and his attorneys out of the $38,000 judgment and to hold the check until presented with a valid release of the hospital lien or fur-

178

ther order of the court. The petition was granted and the check was deposited with the clerk. Kendrick then filed a third-party complaint against the United States alleging that the administrator was not entitled to a hospital lien under the Illinois statute and that the agreed judgment was not intended by the Tarrs or himself to compensate him for the hospitalization costs. The United States moved to dismiss on the grounds of sovereign immunity. Its motion was granted and it then asked, and was given leave, to intervene. Its petition in intervention referred to the agreement entered into by Kendrick, the notice of lien given to the defendants, the entry of the judgment and the deposit of the check with the clerk of the court; and it asserted a lien right and claim to the deposited fund. Kendrick's answer alleged that he was a veteran entitled under Federal law (38 USC § 610 (1958)) to hospital services without charge, that the assignment of a portion of his tort claim to the administrator was without consideration and was void since it sought to transfer a cause of action for personal injuries, and that the administrator was not entitled to assert a lien under the Illinois statute. The United States moved for summary judgment and its motion was granted.

Kendrick first urges several legal impediments to the administrator's recovery of the fund: (1) no Federal statute or regulation authorized the administration to request his execution of the document entitled "Power of Attorney and Agreement," (2) the agreement amounted to an assignment of a cause of action for personal injuries and as such was void under Illinois law and (3) no consideration was given in exchange for his signing the agreement.

Title 38 USC § 610, provides that:

"The Administrator, within the limits of Veterans' Administration facilities, may furnish hospital care which he determines is needed to—

179

"(1) a veteran of any war . . . for any . . . disability if such veteran is unable to defray the expenses of necessary hospital care. . . ." (38 USC § 610(a) (1958).)

This section has been construed to require that an honorably discharged veteran who has signed an affidavit that he is unable to defray his hospitalization expenses must receive treatment without charge. United States v. Harleysville Mut. Cas. Co., 150 F Supp 326 (DC Md 1957). It has been held that the administrator lacks authority to devitalize this right in a veteran or to condition its enjoyment by regulation. United States v. St. Paul Mercury Indemnity Co., 133 F Supp 726 (DC Neb 1955).

Federal laws also provide that the administrator has authority to make rules and regulations necessary or appropriate to carry out the laws administered by the Veterans' Administration (38 USC § 210(c) (1958)) and that he shall prescribe rules and procedures governing the furnishing of hospital care and limitations in connection with the furnishing of such care (38 USC § 621(1), (2) (1958)). Acting under this authority the administrator adopted the following regulation:

"Persons hospitalized . . . who it is believed may be entitled to hospital care or medical or surgical treatment or to reimbursement for all or part of the cost thereof, by reason of statutory, contractual or other relationships with third parties, including those liable for damages by reason of negligence or other legal wrong, will not be furnished hospital treatment without charge therefor to the extent of the amount for which such third parties are or will become liable, and such patients will be requested to execute appropriate assignment or other instrument which will entitle the Administrator of Veterans Affairs—on behalf of the United States—to

180

receive and to collect, directly or as assignee, from third party or parties, to the extent of the amounts for which such third party is liable, the cost of such care and treatment as determined under the applicable rules and regulations. . . . Notice of assignment will be mailed promptly to the party or parties believed to be liable. When the amount of charges is ascertained the bill therefor will be mailed such party or parties, . . ." (16 FR 12093, Nov 30, 1951; 38 CFR, § 17.48(d) (1951).)

■ The regulation does not purport to authorize collection of the hospital costs from the veteran; it is intended to allow the administrator to recover from any third party liable to the veteran. As the court observed in United States v. St. Paul Mercury Indemnity Co., 238 F2d 594 (8th Cir 1956), the purpose of the regulation is evidenced by its provisions for the taking of an "assignment" by the administrator of any such rights as the veteran may have, for the billing of the third party by the administrator and for the right of the administrator to make collection from the third party. In the instant case the administrator did not demand that Kendrick sign the agreement as a condition to his admission to the hospital or coerce him to sign it before he was discharged. It is undisputed that on the last day of his hospitalization Kendrick was asked to sign and voluntarily did so. The regulation comports with the above cited statutes and so has the force of law. Jones v. United States, 189 F2d 601 (8th Cir 1951). The administrator acted within his authority when he obtained from Kendrick the transference of his claim against his tort-feasors for the amount of the hospital expenses.

Kendrick cites North Chicago St. R. Co. v. Ackley, 171 Ill 100, 49 NE 222 (1898) and Wilcox v. Bierd, 330 Ill 571, 162 NE 170 (1928) in support of his position

that the agreement was an assignment of a cause of action for personal injuries and was violative of the public policy of Illinois and void. We believe that the agreement did not violate the public policy of Illinois or Federal policy. The Illinois Hospital Liens Act authorizes a nonprofit hospital which has treated an injured person to recover the amount of its reasonable charges from the third party liable to the injured person; the statute accomplishes this by granting the hospital a lien upon the claims and causes of action of the injured person. Ill Rev Stats, (1965), c 82 § 97. A comparable Federal statute, enacted to supplement the existing means of recovery by the United States of the cost of hospitalization it is compelled to furnish, provides for collection from the third party by subrogating the United States to any right or claim which the injured person has against the third party. 42 USC, § 2651 (1963). (In his motion for summary judgment the administrator relied solely on the agreement; he did not utilize the Federal statute because it did not become effective until two and a half years after Kendrick was hospitalized, and he abandoned his claim of a lien pursuant to the Illinois statute because Federal policy requires that the administrator's method of recovery be uniform throughout the nation. (United States v. Harleysville Mut. Cas. Co., supra.)) It is true that the agreement is drafted in terms of an assignment:

"For a valuable consideration I hereby assign to the Administrator . . . to the extent hereinafter indicated, all claims, demands, entitlements, judgments, administrative awards, and the proceeds thereof, and all causes of action which I now have, and which I may have hereafter, by reason of any liability of third parties entitling me to hospital care, or medical or surgical treatment, or to reimbursement for all or part of the cost of any such; or recovery of damages for all or part thereof;

182

including but not limited to claims, or causes of action,

"(a) for damages by reason of negligence or other legal wrong. . . .

"The extent of this assignment is an amount equal to the total reasonable charges for hospital care. . . ."

However, the agreement, and the regulation under which it was drawn, in effect provided for subrogation: the administrator was compelled by law to furnish Kendrick with hospital treatment for the injuries for which third parties were liable; Kendrick's claim was transferred not in full but only to the extent of the reasonable charges for his hospitalization; and this amount was recoverable by the administrator only in the event that Kendrick had a cause of action against the third parties. See Remsen v. Midway Liquors, Inc., 30 Ill App2d 132, 174 NE2d 7 (1961). Consequently, the policy reasons for prohibiting trafficking in causes of action for personal injuries do not apply here.

█ The next point raised is that no consideration was given in exchange for Kendrick's execution of the agreement and that it therefore lacked mutuality. Because the administrator was under a legal duty to furnish hospitalization at his request, it is Kendrick's position that the rendering of services to him was not consideration. But the lack of consideration is not material for the agreement is not a contract. The regulation pursuant to which the agreement was drafted does not empower the administrator to offer hospital treatment in exchange for the veteran's claim; he is authorized simply to request the veteran to execute an instrument which will entitle him to collect from the third party. A similar procedure for obtaining a transfer of the injured party's claim is set forth in title 42 USC § 2651(a), supra. In requesting Kendrick to sign the

183

agreement the administrator was following the mandate of the regulation, not making a contract.

Finally, Kendrick argues that even if the administrator is authorized to recover from the tort-feasors, he cannot recover the check deposited with the clerk. It is his theory that the agreement entitled the administrator to recover from the judgment only to the extent that the judgment included compensation for the hospital costs, that otherwise the recovery would be from him personally in violation of 38 USC § 610, supra. In his third-party complaint Kendrick alleged that among the considerations taken into account in settling his claim for $38,000 was "the lack of 'specials,' i. e., the fact that the plaintiff was not obligated by law to pay for medical services rendered because he was a veteran legally entitled to such services. . . ."

■■ The defendants' liability to Kendrick included general damages and as an item of special damage the cost of his hospital treatment. Chicago City Ry. Co. v. Henry, 218 Ill 92, 75 NE 758 (1905). The fact that the treatment was paid for by the Federal Government did not pro tanto discharge the defendants from liability. Cf. Pittsburgh, C. & St. L. R. Co. v. Thompson, 56 Ill 138 (1870) and Davidson v. Loomis, 282 Ill App 515 (1935). After the defendants' liability was established, the provisions of the regulation and of the agreement subjected the total amount for which they were liable to the administrator's claim, with recovery under his claim being limited to the cost of the treatment. The possibility that compensation for the hospital costs was not included in the $38,000 judgment does not mean that the administrator in claiming the deposited fund is obtaining reimbursement from Kendrick. If Kendrick decided to relinquish his right to have the costs compensated by the defendants, it was his decision and not the administrator's exercise of his right to collect from the judgment which caused the amount of the

judgment to be less than the total of Kendrick's general and special damage claims, and that decision precludes his contention that the administrator is seeking to collect the costs from him.

Three weeks after the entry of summary judgment for the United States Kendrick's attorneys sought a declaration of their rights to an attorney's lien on the defendants' check and petitioned to intervene. The United States answered that their petition was not timely and that the petitioners failed to qualify for intervention under section 26.1 of the Civil Practice Act. (Ill Rev Stats 1963, c 110, § 26.1.) The petition was denied and the attorneys appealed.

██ The right of intervention under section 26.1 is not unqualified; all of the provisions of that section, including that of making timely application, must be met. Feiertag v. Reichmann, 21 Ill App2d 215, 157 NE2d 818 (1959). The attorneys' application was not timely. They were notified of the administrator's claim over two years before trial of the case began. Nine months before the attorneys filed their application the defendants petitioned to have their check held by the court until the claim of the administrator was released. After the entry of the agreed judgment the attorneys presented Kendrick's argument that the administrator had no right to the fund, and not until after the trial court decided that the administrator was entitled to it did they claim a lien. Their petition was properly denied.

The orders appealed from are affirmed.

Affirmed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.