EVERGREEN SAVINGS AND LOAN ASSOCIATION, Plaintiff-Appellant, *v.* LESLIE C. BARNARD *et al.*, Defendants.—(HAPPIEST PARTNER CORPORATION, Intervening Defendant-Appellee.)

First District (4th Division)   No. 77-841

Opinion filed October 12, 1978.

Charles J. O'Laughlin, J. Stephen Walker, and Michael J. Rovell, all of Chicago (Jenner & Block, of counsel), for appellant.

Howard C. Emmerman and John K. Kallman, both of Chicago (Rudnick & Wolfe, of counsel), for appellee.

Mr. JUSTICE LINN delivered the opinion of the court:

Plaintiff, Evergreen Savings and Loan Association (Evergreen), brought this action in the circuit court of Cook County to foreclose its mortgage secured by certain real property held in a land trust. The trial court allowed Happiest Partner Corporation (HPC), a beneficiary of the trust, to intervene as a defendant and file a petition asserting its right to cure the amount in default on the mortgage pursuant to statute. Ill. Rev. Stat. 1975, ch. 95, par. 57.

Evergreen appeals from the trial court's order dismissing its complaint for foreclosure. On appeal, Evergreen raises the following questions: (1) whether the trial court erred in dismissing Evergreen's complaint for foreclosure; (2) whether this court should resolve certain issues raised by the pleadings but not reached by the trial court; (3) whether HPC's petition to intervene and petition for special equitable relief failed to comply with the requirements of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1); (4) whether HPC has standing to assert the right to cure the default (Ill. Rev. Stat. 1975, ch. 95, par. 57); and, (5) whether the terms of the note and mortgage allow Evergreen to reject any tender made by HPC.

We reinstate the complaint for foreclosure and remand the case for further proceedings.

Leslie C. Barnard, owner and developer of certain improved property in the City of Country Club Hills, Illinois, conveyed it in trust to the First National Bank of Blue Island (trustee), retaining the entire beneficial interest. In 1973, the trustee, pursuant to direction, executed a note in the principal amount of $1,966,000 to Evergreen, secured by a mortgage on the trust property and guaranteed personally by Barnard.[1]

---

[1] Barnard has been released from his obligation on the note, and, although originally named as a defendant in this law suit, he has subsequently been dismissed as a defendant by Evergreen.

In April 1975, Barnard entered into a partnership agreement with HPC under which HPC paid $250,000 to Barnard in exchange for an assignment of 40% of the beneficial interest in the trust. Barnard assigned his beneficial interest in the trust to the City of Country Club Hills to secure his obligation to complete certain public improvements. In January 1977, Evergreen acquired Barnard's 60% interest after he defaulted on his improvement obligations and the city sold the interest pursuant to article IX of the Illinois Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 9—504). Since December 1976, Evergreen has been in possession of the subject property pursuant to an assignment of rents previously executed by the trustee.

On December 10, 1976, Evergreen, after determining that the trustee had defaulted in the payment of installments due under the mortgage note, filed a complaint to foreclose the mortgage. Summons was served on the trustee on December 15, 1976. A final default order was entered against the trustee on January 21, 1977.

The intervening defendant, HPC, filed its petition to intervene on January 26, 1977. The trial court allowed the intervention and granted HPC 14 days to answer or otherwise plead to the complaint for foreclosure. After receiving an additional extension of time from the trial court, HPC, on February 22, 1977, filed a petition for special equitable relief. This petition alleged that HPC, as 40% owner of the beneficial interest in the trust, desired to cure the amount of default under the Evergreen mortgage pursuant to section 7 of "An Act relating to mortgages of property * * *." (Ill. Rev. Stat. 1975, ch. 95, par. 57.) In addition, HPC requested the trial court to determine that HPC was entitled to assess 60% of the amount in default against Evergreen. Accordingly, the petition prayed for an accounting and an order dismissing Evergreen's complaint upon HPC's payment to Evergreen of 40% of the actual amount in default.

Evergreen responded, asking that the petition be stricken for failing to comply with section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1), and, alternatively, that the relief requested pursuant to section 7 be denied because HPC lacked standing to assert the curing provisions contained in that section of the statute.

After hearing arguments on March 10, 11 and 14, 1977, concerning the section 7 issue, the trial court determined that the 90-day curing period allowed by section 7 would expire on March 16, 1977, and that the court could not extend the 90-day period. Considering the possible forfeiture which HPC might sustain if the curing period expired the following day, the trial court on March 15, 1977, entered an order dismissing plaintiff's initial complaint in order to allow the court additional time to determine

the respective rights of the parties. This order dismissed Evergreen's complaint without prejudice, directed HPC to pay Evergreen the cost of refiling its complaint for foreclosure and recited that there was no just cause to delay its enforcement or appeal. Evergreen elected to stand on its complaint and proceeded with this appeal.

OPINION

I

The first issue presented for review is whether the able and concerned trial court erred in dismissing plaintiff's complaint in order to prevent the expiration of the 90-day curing period provided by section 7. We can find no legal basis for the trial court's dismissal of the complaint. The Civil Practice Act specifies that involuntary dismissal may be sought on motion of the defendant if the complaint fails to state a cause of action (Ill. Rev. Stat. 1975, ch. 110, par. 45), or if the claim asserted in the complaint is barred by other affirmative matter avoiding the legal effect of the claim (Ill. Rev. Stat. 1975, ch. 110, par. 48). In addition to the grounds specified in the Civil Practice Act a trial court may order dismissal of an action if the plaintiff is not diligent in prosecuting his claim. *Bender v. Schallerer* (1973), 9 Ill. App. 3d 951, 293 N.E.2d 411.

HPC's petition for special equitable relief requested dismissal of the foreclosure proceeding only upon a legal determination of and tender to Evergreen by HPC of the amount required to cure the default. However, the action taken by the trial court in dismissing the complaint was not in response to the relief requested in the petition since the court had not as yet determined the legal issues presented by the pleadings. Nor was the dismissal within the inherent power of the trial court to supervise its docket because Evergreen, in fact, had not delayed in prosecuting its suit for foreclosure.

Section 7 provides an avenue of relief to a mortgagor in foreclosure proceedings which did not exist under prior Illinois law. While allowing the mortgagor to secure dismissal of foreclosure proceedings initiated by the mortgagee by paying the actual amount in default, plus costs, expenses and attorneys fees, the statute expressly limits the availability of this relief to the period within 90 days after service of summons or prior to the entry of a decree of foreclosure, whichever occurs first. Thus, the right created is expressly limited by the time within which the right may be exercised. The 90-day limitation set forth in the statute was designed to protect the mortgagee's right to pursue foreclosure and as such is an integral part of the right to cure created by the statute.

■■ When a statute grants a right that did not exist at common law and restricts the time in which the right may be exercised or otherwise imposes conditions, the time limit is a substantive element of the right

created. (See *Super Valu Stores, Inc. v. Stompanato* (1970), 128 Ill. App. 2d 243, 261 N.E.2d 830; *Smith v. Toman* (1938), 368 Ill. 414, 14 N.E.2d 478.) The 90-day statutory period cannot, as conceded by HPC and acknowledged by the trial court, be extended by order of court. It follows that the trial court's attempt to avoid the running of the 90-day curing period by dismissing the complaint is in direct conflict with the statute.

HPC argues that the relief fashioned by the trial court was within its equitable powers to prevent the possible forfeiture of HPC's interest in the trust. We do not agree. Although a trial court has the power to fashion appropriate relief, even when that relief is not specifically requested (Ill. Rev. Stat. 1975, ch. 110, par. 34), the court will not exercise its equitable powers to direct a remedy in contradiction to the plain requirements of a statute (*Stone v. Gardner* (1858), 20 Ill. 304). It is axiomatic that equity follows the law. (*In re Estate of Wallace* (1932), 266 Ill. App. 500.) We must conclude that the trial court had no legal or equitable basis upon which to avoid the plain requirements of section 7 and, consequently, Evergreen's complaint for foreclosure must be reinstated.

## II

Because the complaint for foreclosure must be reinstated this court must also address the question of whether any time remains under the 90-day period within which the trial court may determine the merits of the questions presented by the parties' pleadings.

■■ Although we have determined that the order of the trial court dismissing the complaint for foreclosure is erroneous, it had the effect of halting the running of the 90-day curing period pending the outcome of this appeal. An order of the trial court is valid and binding until found to be erroneous by a reviewing court (see *People ex rel. Nelson v. Ridge Country Club* (1947), 399 Ill. 46, 76 N.E.2d 461), and the parties are entitled to rely on its validity. Therefore, the running of the 90-day period will resume when the mandate of this court is filed with the circuit court and the case is reinstated. Ill. Rev. Stat. 1977, ch. 110A, pars. 368 and 369.

The parties agree that the trial court's order was entered on the 89th day of the curing period. Thus, only one day will remain after remand in which the trial court may resolve the remaining legal issues raised by HPC's petitions and Evergreen's response thereto. Both Evergreen and HPC have urged this court to prevent an unjust outcome by considering, at this time, these remaining issues.

■■ As a general rule a reviewing court will not reach issues which have not been passed upon by the trial court. (*Goodrich v. Sprague* (1941), 376 Ill. 80, 32 N.E.2d 897.) Under Supreme Court Rule 366 (Ill. Rev. Stat. 1977, ch. 110A, par. 366(a)(5)), this court has broad powers to "give any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, * * * that the

case may require." We believe this rule encompasses the court's power, under limited circumstances, to determine purely legal issues which have not been resolved by the trial court's decision. See *Lind v. Spannuth* (1956), 9 Ill. 2d 311, 137 N.E.2d 360; *Electrical Contractors' Association v. A. S. Schulman Electric Co.* (1945), 391 Ill. 333, 63 N.E.2d 392.

The issues presented by the parties' pleadings which were not resolved by the trial court's dismissal of the complaint for foreclosure are whether HPC failed to comply with section 26.1 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 26.1), and whether HPC lacks standing to assert rights created by section 7. These questions are of a legal nature. It was unnecessary for the trial court to conduct evidentiary hearings or to consider evidence to resolve them. The parties submitted memoranda of law in support of their positions to the trial court and have briefed the issues on appeal. Everything that the trial court required to decide the issues was contained in the pleadings and memoranda before it. Thus, a remand for a determination of these issues is unnecessary and may deprive HPC of the opportunity to otherwise obtain a judicial determination of these questions before the curing period expires. To avoid such an unjust result we will consider the merits of the issues presented by the parties' pleadings.

### III

Evergreen contends that HPC's petition to intervene and petition for special equitable relief should be stricken for failing to comply with the provisions of section 26.1 of the Civil Practice Act. (Ill. Rev. Stat. 1975, ch. 110, par. 26.1.) That section provides "[a] person desiring to intervene shall present a petition setting forth the grounds for intervention, accompanied by the initial pleading or motion which he proposes to file." Evergreen argues that HPC's failure to file its initial pleading at the same time it petitioned to intervene presents grounds for striking HPC's pleadings. We do not agree.

■■ When HPC petitioned to intervene it requested an extension of time within which to file its initial pleading. The time for filing pleadings is within the discretion of the trial judge. (See *McGrath Heating & Air Conditioning Co. v. Gustafson* (1976), 38 Ill. App. 3d 465, 348 N.E.2d 223; *Conour v. Zimmerly* (1937), 290 Ill. App. 546, 9 N.E.2d 61; *Anderson Transfer Co. v. Fuller* (1898), 174 Ill. 221, 51 N.E. 251.) Supreme Court Rule 183 (Ill. Rev. Stat. 1975, ch. 110A, par. 183), allows the trial court to extend the time for filing any pleading. We believe that Rule 183 applies equally to section 26.1 and that an extension of time to file the initial pleading required by section 26.1 is discretionary with the trial judge.

■■ This position is not contradicted by the cases relied upon by Evergreen involving instances where the trial court denied intervention

because no initial pleading accompanied the request to intervene. (*Kendrick v. Standard Oil Co.* (1967), 81 Ill. App. 2d 176, 225 N.E.2d 437; *Feiertag v. Reichmann* (1959), 21 Ill. App. 2d 215, 157 N.E.2d 818.) On review in these cases, the court affirmed the denial of intervention as an appropriate exercise of the trial court's discretion. Since Evergreen suffered no prejudice from the court's order granting HPC an extension of time to file its initial pleading, we cannot say that the trial court's action in this case was improper. In addition, we find no merit in Evergreen's contention that the petition for special equitable relief was not a responsive pleading in accordance with the trial court's order allowing HPC an extension of time to "file its answer * * * or otherwise plead in response * * *."

IV

Finally, this court is asked to determine whether HPC, as owner of 40% of the beneficial interest in the trust property, has standing to exercise the default curing provisions set forth in section 7. This section provides that the curing provisions may be invoked by "the mortgagor or his successor in interest." Ill. Rev. Stat. 1975, ch. 95, par. 57.

■■ The trust is the legal and equitable title holder and the true mortgagor for purposes of foreclosure. (*Case International Co. v. American National Bank & Trust Co.* (1974), 18 Ill. App. 3d 297, 309 N.E.2d 750.) Since HPC as beneficiary has no legal or equitable right, title or interest in the land itself but rather a personal property interest in the trust corpus (*Duncanson v. Lill* (1926), 322 Ill. 528, 153 N.E. 618; *Seno v. Franke* (1960), 20 Ill. 2d 70, 169 N.E.2d 335), Evergreen contends that HPC is not within the class of individuals who may exercise the curing provisions. HPC claims it should be allowed to stand in the trust's shoes as mortgagor for purposes of asserting the provisions of section 7 because the trust cannot adequately protect its interests.

This specific language of section 7 has not before been judicially interpreted. (See Kenoe on Land Trusts, par. 6.27 (Ill. Inst. CLE 1978).) We note, however, that the unique characteristics of the land trust have caused courts to interpret the traditional designations of ownership to fit the circumstances of the case. (See *Robinson v. Walker* (1965), 63 Ill. App. 2d 204, 211 N.E.2d 488.) For example, a beneficiary of a trust may be liable as "owner" of tavern property under the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 135), and is included in the term "owner" under the Mechanic's Lien Act (Ill. Rev. Stat. 1977, ch. 82, par. 1; *Dunlop v. McAtee* (1975), 31 Ill. App. 3d 56, 333 N.E.2d 76). Courts have also held that a beneficiary's interest is a type of ownership which will entitle the beneficiary to maintain a claim for damages to trust property in condemnation proceedings. (*Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374, 356 N.E.2d 1245.) Consequently, we cannot

accept Evergreen's assertion that a strict construction of the term "mortgagor" must be adopted under all circumstances.

It has been held that the beneficiaries of a land trust are not necessary parties to a proceeding seeking to foreclose a mortgage executed by the trust. (*Marshall v. Solomon* (1948), 335 Ill. App. 302, 81 N.E.2d 777.) However, the more recent cases accord the beneficiary the right to intervene in the foreclosure proceedings. *Chicago Title & Trust Co. v. Exchange National Bank* (1974), 19 Ill. App. 3d 565, 312 N.E.2d 11.

Accordingly, a beneficiary has been allowed to intervene for the purpose of asserting equitable defenses against the foreclosing mortgagee (*Mid-West National Bank v. Metcoff* (1974), 23 Ill. App. 3d 607, 319 N.E.2d 336; *Jacobsen v. National Bank* (1972), 8 Ill. App. 3d 135, 289 N.E.2d 253), and claiming a set-off against the mortgagee where the trustee refused to or could not adequately protect the beneficiary's interest. *Chicago Title & Trust Co. v. Exchange.National Bank* (1974), 19 Ill. App. 3d 565, 312 N.E.2d 11.

HPC contends that a strict interpretation of the term "mortgagor" in this case will create an unjust result and deny HPC adequate representation of its interests. We agree. The controlling trust agreement requires the unanimous direction of all beneficiaries to direct the trust to exercise its section 7 rights as mortgagor. Evergreen, as both mortgagee and owner of 60% of the beneficial interest can effectively prevent the exercise of the curing provision by the mortgagor and accomplish summary foreclosure of the note and mortgage. HPC is technically neither mortgagor nor its successor in interest but to deny HPC the right to step in and assert the curing provisions would result in a forfeiture of its interest without providing the protection which section 7 is designed to afford.

■ Since HPC does not seek to assert the curing provisions as a successor mortgagor, the terms of the note and mortgage, giving Evergreen the option of accelerating the full amount of the debt if a successor is appointed without its written approval, do not affect the right of HPC to cure the default. We, therefore, hold that a beneficiary is entitled to avail himself of the right to cure defaults under section 7 where, as here, the trustee cannot adequately protect the beneficiary's interests.

■ However, we cannot conclude, as argued by HPC, that a tender of less than all of the amount of the default will satisfy the requirements of the curing statute. If HPC chooses to stand in the position of the trust-mortgagor, it must tender the entire amount which is required by statute. Whether HPC's payment of an amount necessary to cure the default results in Evergreen's unjust enrichment as owner of 60% of the beneficial interest, cannot be judicially determined at this time.

The decision of the circuit court of Cook County is reversed and the

complaint for foreclosure is reinstated. We remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

DIERINGER and ROMITI, JJ., concur.